HENRY THORNTON, Appellant, *v.* THE WABASH RAILWAY COMPANY, Respondent.

Plaintiff's complaint alleged in substance that the railroad and franchises of the T., W. & W. R. R. Co., of which he was a stockholder, were sold under a decree of foreclosure and were bid off by a committee of the holders of the bonds secured by the mortgage; that a portion of the stockholders disputed the validity of the sale and a litigation arose which resulted in an arrangement under which said stockholders withdrew all opposition and were accorded by the purchasers of the road the right to take stock in a new company to be organized, upon certain terms specified, among others, that the option so to do must be made within thirty days, otherwise all rights should be forfeited; that in pursuance of this arrangement defendant, the W. R. Co., was organized and is operating the road and possesses the rights and property of the old company and has issued stock under the agreement; that plaintiff had no knowledge

or notice of the agreement until after the expiration of the thirty days; that when notified he tendered performance on his part and demanded his proportionate share of the new stock which was refused. The other defendants were the purchasing committee who were authorized to carry out the said agreement. Plaintiff asked damages for the refusal. *Held*, that a demurrer to the complaint was properly sustained; that if the foreclosure sale was valid all of plaintiff's legal rights were cut off; if invalid his right to attack it was not affected or impaired by the agreement unless he elected to come in and ratify it, in which case he was bound to adopt it as such and could not vary its terms.

*It seems* that if the property and franchises of the old company had become vested in the new corporation without the intervention of legal proceedings cutting off the rights of the old stockholders, there would have been a foundation for plaintiff's claim

(Argued April 13, 1880; decided September 21, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, in favor of defendant entered upon an order affirming an order sustaining a demurrer to the complaint herein.

The substance of the complaint is set forth in the opinion.

*John R. Dos Passos* for appellant. The claim that a want of privity between plaintiff and the new company defeated the former's claim is not tenable. (*Reese.* v. *Bank of Montgomery*, 31 Penn. St. 78; *State* v. *McDaniel*, 22 Ohio, 354; *Stanley* v. *Chester & Birkenhead Ry. Co.*, 3 My. & Cr. 773; 1 Ry. Cas. 58; *Edwards* v. *Grand Junction Ry. Co.*, 1 My. & Cr. 650; 1 Ry. Cas. 173; *Greenhalgh* v. *Manchester, etc., Ry. Co.*, 3 My. & Cr. 784, 790; *Cushman* v. *Shepard*, 4 Barb. 113; Field on Corporations, 1877, 469, § 435; *Selma & O. R. Co.* v. *Harbin*, 40 Ga. 706; *Indianapolis & R. Co.* v. *Jones*, 29 Ind. 465; *Paine* v. *Lake Erie, etc., R. Co.*, 31 id. 283; *Columbus, etc., R. Co.* v. *Powell*, 40 id. 37; *Eaton & Hamilton R. Co.* v. *Hunt*, 20 id. 463; *Powell* v. *North Missouri R. Co.*, 42 Mo. 63.) The plaintiff's right to participate in the reorganization scheme was not barred by the act of the purchasing committee limiting his time to thirty days from the issuing of the circular. (*Van Alen* v. *Illinois R. R. Co.*, 2 Keyes, 673.)

The statutes of New York expressly entitle the plaintiff to participate in the reorganization scheme. (Laws of 1853, chap. 502; Laws of 1874, chap. 430; 1 Revision of Laws of Indiana, 728.) A stockholder's share in a corporation cannot be forfeited unless upon a previous personal notice to him, and after reasonable time given to him to comply with the conditions, etc. (*Mitchell* v. *Copper Mining Co.*, 67 N. Y. 280; *Johnson* v. *Albany R. R. Co.*, 40 How. Pr. 193; *Germantown, etc., R. R. Co.* v. *Titler*, 60 Penn. St. 124; *Lexington R. R. Co.* v. *Stables*, 5 Gray, 520; Laws of 1848, § 33, as amended 1860, chap. 269.) Under the circumstances disclosed in this case, the court will relieve the plaintiff from the forfeiture of his stock, attempted to be inflicted for his failure to take advantage of a condition of which he had no notice, knowledge or information. (*Dyckman* v. *Valiente*, 42 N. Y. 459; affirmed, 43 Barb. 131.) The trustees had no right to make personal purchases of the unsubscribed stock, to the exclusion of their *cestuis que trust*, the stockholders. (*Mead* v. *Walker*, Hopkins, 661; *Van Allen* v. *Illinois Cent. R. R. Co.*, 2 Keyes, 673; *Reese* v. *Montgomery Co. Bk.*, 31 Penn. St. 78; *Wilson* v. *Same*, 29 id. 537; *Atkins* v. *Atkins*, 12 Allen, 359; Angell & Ames on Corporations, §§ 555, 554.) If the condition of thirty days was waived in behalf of some of the stockholders, it should be waived in behalf of plaintiff, who had no notice or information of the scheme. The trustees had no power to discriminate between the stockholders. (*Jones* v. *Terre Haute, etc., R. R. Co.*, 57 N. Y. 196.) Plaintiff was strictly in time in tendering his money and stock before the last day had expired. (*Mitchell* v. *Vermont Copper Mining Co.*, 67 N. Y. 280; *Dyckman* v. *Valiente*, 42 id. 549.) The fact that the defendant had issued all of its stock is not material, and consequently no answer to the plaintiff's demand. (*Pollock* v. *The Nat. Bk.*, 7 N. Y. 274.)

*William Dorsheimer* for respondent. To sustain a claim for damages plaintiff was bound to show that he had suffered injury in person or property from defendant, or that the latter

has violated some contract with him. (*Stack* v. *Heath*, 1 Abb. 331; affirmed in Ct. of App., June, 1860.) The failure to aver in the complaint that plaintiff was a stockholder of record was fatal. (*Heath* v. *Erie R. Co.*, 8 Blatchf. 347.)

Rapallo, J. This is a common-law action for damages, brought against the Wabash Railway Company and certain individual defendants. The corporation defendant demurred to the complaint, and the court below sustained the demurrer.

The allegations of the complaint are, in substance, that the railroads and franchises of the Toledo, Wabash and Western Railroad Company were, in the year 1875, sold under a decree for the foreclosure of a mortgage thereon, and were purchased at the sale by a committee representing the holders of the bonds secured by the mortgage.

That a portion of the stockholders of the last-named company disputed the validity of the sale and of the bonds, and appointed a committee to represent all the stockholders. That a litigation ensued which resulted in an arrangement between the committee representing the stockholders, and a committee of the bondholders, whereby the committee representing the stockholders withdrew all opposition to the foreclosure sale, and in consideration thereof the stockholders were accorded, by the purchasers of the road, the right to subscribe for stock of a new corporation to be organized and called the Wabash Railway Company, upon the terms set forth in a circular, a copy of which is annexed to the complaint and made part thereof, and is alleged in the complaint to contain the full terms of the arrangement or agreement.

This circular purports to be issued by a committee of bondholders, who had purchased the road under the foreclosure sale, and who are defendants in this action, and are denominated the purchasing committee. It is addressed to the stockholders of the Toledo, Wabash and Western Railway Company, and recites the purchase by the committee, of the entire railway property of that company, and that they have become owners thereof by the regular confirmation of the sale by the

courts and the execution of a deed to them, subject only to the debts secured by mortgages prior to that under which they purchased.

It then declares that a new corporation is to be organized called the Wabash Railway Company, with a capital of $16,000,000, and that the committee is to purchase the entire capital stock of such new corporation, and that every shareholder of the Toledo, Wabash and Western Railway Company has the privilege of joining in the purchase, by surrendering his old stock and paying $10 per share in installments. That the new stock is deposited in trust and to be issued by the purchasing committee at the rate of ten for one on the subscription.

That the option to join in such purchase and subscription must be made within thirty days from the date of the circular, or the stockholders will wholly forfeit all right to participate in the new organization, and their stock certificates will be wholly worthless.

That if, within said thirty days, all the present stockholders do not subscribe for the entire amount as offered, those who have, at the expiration of that time, actually subscribed, shall have the privilege for twenty days thereafter of taking their *pro rata* proportion of the balance, and that any residue then remaining will be taken by the bondholders' committee.

That the railroad property will pass at once to the new corporation, and that under no circumstances will the option be extended beyond the thirty days.

The complaint then proceeds to aver, that in pursuance of the arrangement, the defendant, the Wabash Railway Company, was organized in 1877, and has since its formation operated the road and used the franchises of the former corporation, and possesses all its rights and property, and has, from time to time, through the purchasing committee, issued stock in exchange for stock of the old corporation ; that there are but few shares of the old stock outstanding, and that by reason of the premises they are perfectly worthless.

That the plaintiff, in 1873, became the holder of 200 shares

of the stock of the old company, and still holds them. That he had no knowledge or notice of the agreement aforesaid, until long after the expiration of the thirty days mentioned in the circular, and that soon after receiving notice thereof, and before the date limited for the payment of the last assessment, he tendered to the chairman of the purchasing committee, acting as the representative of all the defendants, the amount of the assessment on his 200 shares, with interest, and offered to surrender his old stock, and demanded the issue to him of 200 shares of new stock, which was refused.

The plaintiff avers that the condition imposed by the purchasing committee was inequitable and illegal, and beyond the power of the committee to impose; that he was never notified of it, and that the committee has waived it in many instances, and received surrenders of stock from other stockholders after the expiration of the time; that it was made for the purpose of enabling holders of the bonds to obtain the unsubscribed stock, and that all the stock not issued to the old stockholders has been, in fact, absorbed and issued. Wherefore he demands judgment for $20,000 damages.

It is difficult to find any ground upon which this action can be maintained against the company. The agreement, under which the plaintiff claims, was not made by it or in its behalf, nor was it to be performed by the company. All the stock of the new corporation was to be issued, in the first instance, to the purchasing committee, who were to hold it in trust for distribution according to the scheme proposed. The old stockholders were to look to the committee for their new stock and not to the new company, and if the committee misappropriated it, the recourse was against them. Neither is it apparent that the plaintiff is in a position to complain of the terms of the agreement. He was not a party to it, unless he elected to come in and ratify the arrangement which other stockholders had assumed to make for his benefit. If the foreclosure sale was valid, all his legal rights were cut off. If invalid, his right to attack it was not impaired by the arrangement entered into by other stockholders without his authority or knowledge. He

could repudiate the whole transaction and assert his rights, if any he had, as a stockholder of the old company; or he could, at his option, ratify and adopt what his fellow stockholders had done in his behalf. If he elected to ratify it, he must adopt the arrangement as it was made, and could not vary its terms. According to these, time was made essential, and he could not adopt the provisions favorable to him, without also abiding by those which were adverse. For misconduct in the execution of their trust, if any were shown, the committee would be answerable to him, if he adopted the arrangement, in like manner as if he had originally been a party to it, but, on the facts stated, there is no ground upon which to base a claim for damages against the company.

If the property and franchises of the old company had become vested in the new corporation without the intervention of any legal proceedings whereby the rights of the old stockholders had been cut off, there would be some foundation for the argument of the counsel for the appellant. But such is not this case. The fact must not be overlooked, that, by the foreclosure sale, all the rights of the old stockholders had been destroyed, and they had none except those which sprang out of the agreement with the purchasing committee. If any of these rights were violated they must look to the parties with whom they contracted.

The judgment should be affirmed.

All concur, FINCH, J., not on bench at argument.

Judgment affirmed.