MONTAGUE S. MARKS, Appellant, v. EDWARD M. TOWNSEND et al., Respondents.

*It seems* that a cause of action for malicious prosecution and one for false imprisonment may be united in the same complaint.

When a party has a final judgment on trial, the prosecution is so far terminated that he may sue for malicious prosecution. If an appeal from the judgment be pending when he brings his action, he simply takes the risk of an adverse decision on the appeal, which will defeat such action.

*It seems* that the appeal from the judgment may furnish a reason for staying the trial of the action for malicious prosecution until the decision of the appeal.

The burden of showing want of probable cause is upon the plaintiff in an action for malicious prosecution.

Such an action cannot be maintained because of the procuring of a warrant of arrest against plaintiff, by simply showing that defendant's attorney was mistaken in a technical point of law, on account of which the warrant was set aside; defendant, in other respects, having good ground for the warrant.

Where an order of arrest is issued upon facts giving the judge jurisdiction, and the defendant appears, and by showing new facts, or denying those alleged against him, procures the order to be set aside, the process is neither void, voidable nor irregular, but simply erroneous, and protects the party who procured it from an action for false imprisonment. And this is so, even if the party acted from malicious motives, or without probable cause; these may aggravate damages when a cause of action is made out, but in no way help to establish the cause of action.

Defendants procured an order of arrest against plaintiff under the Stillwell Act (Chap. 300, Laws of 1831), before its repeal in 1880 (Chap. 245, Laws of 1880). The facts stated in the affidavit, upon which the warrant was granted, were sufficient to give the judge who issued it jurisdiction. It was subsequently set aside by said judge, upon affidavits showing that plaintiff had previously been arrested in an action brought against him by defendants, upon an order of arrest issued for the same cause, and substantially upon the same grounds. In an action for false imprisonment, *held*, that the warrant was not void or irregular, but at most simply erroneous; and so, that the action was not maintainable. Also that the facts did not make out a cause of action for malicious prosecution.

(Argued December 2, 1884; decided January 20, 1885.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York,

entered upon an order made December 21, 1882, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*A. Blumenstiel* for appellant. The warrant, under the Stillwell Act, could not be issued after the plaintiff had resorted to an arrest under the Code. (*Wells* v. *Guerney,* 8 Barn. & Cres. 769; Petersdorf on Bail, 131–139; *Wheelwright* v. *Joseph,* 5 M. & S. 93; *Imlay* v. *Elleffsen,* 3 East, 309; 8 Taunt. 24; *Enoch* v. *Enst,* 21 How. 96; *Wright* v. *Ritterman,* 1 Abb. [N. S.] 428; *People, ex rel. Ritterman,* v. *Kelly,* id. 438; *Hernandez* v. *Carobelli,* 10 How. 433; *Matter of Johnson,* 7 Robertson, 269; *People* v. *Goodwin,* 50 Barb. 564; *People, ex rel. Lutorre,* v. *O'Brien,* 6 Abb. [N. S.] 66.) The suit at bar being between the *parties to the original action,* and not against an officer or third person acting under an apparently lawful process, will lie. (*Dusenbury* v. *Keiley,* 85 N. Y. 383; *Lynch* v. *Metropolitan Elevated R. R. Co.,* 90 id. 86; *Deyo* v. *Van Valkenberg,* 5 Hill, 242; *McGuinty* v. *Herrick,* 5 Wend. 240; *Savacool* v. *Boughton,* id. 160; *Lewis* v. *Palmer,* 6 id. 367; *Chapman* v. *Dyett,* 11 id. 31; *Ackroyd* v. *Ackroyd,* 3 Daly, 38; *Hayden* v. *Shed,* 11 Mass. 500; *Haywood* v. *Collinge,* 9 Ad. & El. 268; *McCartee* v. *Tiller,* 8 Wend. 284; *Moulton* v. *Bennett,* 18 id. 588; *Champlin* v. *Layton,* 8 Paige, 195; *Fire Dep't* v. *Williamson,* 16 Abb. Pr. 409; *Meyer* v. *Clark,* 2 Daly, 497; *Palmer* v. *Foley,* 71 N. Y. 109; *Day* v. *Bach,* 87 id. 56; *In re Bradner,* id. 176; *Cart* v. *Brooks,* 37 Barb. 476; *Huntley* v. *Beecher,* 30 id. 586; *Pangborn* v. *Bull,* 1 Wend. 354; *Beatty* v. *Perkins,* 6 id. 382.) The warrant was void for want of jurisdiction; the affidavit was insufficient to confer jurisdiction. (*Vredenberg* v. *Hendricks,* 17 Barb. 179; *Mosher* v. *People,* 5 id. 579; *Cadwell* v. *Colgate,* 7 id. 253; *Miller* v. *Adams,* 52 N. Y. 409; *Day* v. *Bach,* 87 id. 56; *Rutherford* v. *Holmes,* 66 id. 368; *Guilleaume* v. *Rowe,* 94 id.

268; *Pouchard* v. *Blanchard*, 86 id. 256; *Asleeger* v. *Conner*, 88 id. 403; *Smith* v. *Luce*, 14 Wend. 238; *People* v. *Recorder*, 6 Hill, 429; *Green* v. *Gonzales*, 2 Daly, 413; *Ex parte Haynes*, 18 Wend. 615; *In the Matter of Bliss*, 7 Hill, 187; *Ex parte Robinson*, 21 Wend. 572; *Connell* v. *Lascelles*, 20 id. 572; *Saton* v. *Reisenberger*, 25 How. 164; *Muller* v. *Perrin*, 16 Abb. [N. S.] 95; *Hall* v. *McKnight*, 6 N. Y. Leg. Obs. 348; *Vredenberg* v. *Hendricks*, 17 Barb. 179; *Mosher* v. *People*, 5 id. 577; *Spear* v. *Wardell*, 1 N. Y. 151.) The right to arrest under the Stillwell Act was abolished by the provisions of the Code. (*People, ex rel. Latorre*, v. *O'Brien*, 6 Abb. [N. S.] 63; *People* v. *Goodwin*, 50 Barb. 562; New Code, § 548; *Donner* v. *Van Pelt*, 15 Hun, 19; Chap. 417, Laws 1877; Bliss' Code, 1002; *Rogers* v. *Watrous*, 58 Am. Dec. 100.) The counts for false imprisonment and malicious prosecution were not inconsistent. (*Dusenbury* v. *Keiley*, 85 N. Y. 383; *Carter* v. *De Wite*, U. S. Dist. Ct., 21 Daily Reg. No. 133; *Bradner* v. *Falkner*, 93 N. Y. 515, 519; *Thompson* v. *Lumley*, 1 Abb. N. C. 254; *Burns* v. *Erben*, 40 N. Y. 463; *Pangborn* v. *Bull*, 1 Wend. 354; *Stewart* v. *Sonneborn*, 98 U. S. 187; *Grennell* v. *Stewart*, 32 Barb. 544.) The appeal to the Court of Appeals from the order setting aside the warrant and arrest *was a nullity*. (*Claflin* v. *Bare*, 80 N. Y. 642; *Claflin* v. *Currie*, id. 643; *Allen* v. *Meyer*, 71 id. 594; *Wallace* v. *Cartler*, 68 id. 370; *Townsend* v. *Nebenzahl*, 81 id. 644.)

*J. Langdon Ward* for respondents. No cause of action for false imprisonment was shown. An arrest under a warrant, valid in form, issued by a competent officer on sufficient affidavits, is not a *false imprisonment*. (*Sleight* v. *Ogle*, 4 E. D. Smith, 445; *Hallock* v. *Dominy*, 69 N. Y. 238; *Skinnion* v. *Kelley*, 18 id. 355; *Landt* v. *Hilts*, 19 Barb. 283; *Beaty* v. *Perkins*, 6 Wend. 382.; *Miller* v. *Adams*, 52 N. Y. 409; *Von Latham* v. *Libby*, 38 Barb. 339; *Lewis* v. *Rose*, 6 Lans. 206; *Burns* v. *Erben*, 40 N. Y. 463.) The court had jurisdiction to issue the warrant. (Laws of 1830, chap. 300, §§ 3, 4;

Laws of 1848, chap. 48, § 2 ; *Mosher* v. *People*, 5 Barb. 575 ;
*Broadhead* v. *McConnell*, 3 id. 175 ; *Whittlesey* v. *Frantz*, 74
N. Y. 456 ; *Kissock* v. *Grant*, 34 Barb. 144; *Miller* v.
*Adams*, 7 Lans. 136 ; *Lewis* v. *Rose*, 6 id. 206 ; *Hall* v.
*Munger*, 5 id. 100 ; *Skinnion* v. *Kelley*, 18 N. Y. 355 ; *Van
Alstyne* v. *Erwine*, 11 id. 331 ; *Gardner* v. *Bain*, 5 Lans.
256 ; *Landt* v. *Hilts*, 19 Barb. 283 ; *Stanton* v. *Schell*, 3
Sandf. 323 ; *Miller* v. *Brinkerhoff*, 4 Denio, 120 ; *Stewart* v.
*Hawley*, 21 Wend. 552 ; *Steward* v. *Biddlecum*, 2 Comst.
103 ; *Carter* v. *Hart*, 1 Chitty, 276 ; *Hernandez* v. *Carnobeli*,
4 Duer, 642 ; *Murad* v. *Thomas*, 17 Weekly Dig. 435 ; 30
Hun, 81 ; Code of Civ. Pro., § 179 ; *Rockford, etc., R. Co.* v.
*Brody*, 56 N. Y. 456 ; *People* v. *Tweed*, 63 id. 202 ; *Loril-
lard F. Ins. Co.* v. *Mushural*, 7 Robt. 308 ; *Chambers* v.
*Durand*, 33 Supr. Ct. 494 ; *Peck* v. *Hozier*, 14 Johns. 346 ;
*Imlay* v. *Elefsen*, 2 East, 453 ; *Olmiers* v. *Delany*, 2 Stra.
1216 ; *Cameron* v. *Lightfoot*, 2 W. Bla. 1190 ; *Cooper* v.
*Harding*, 53 Eng. C. L. ; 7 Q. B. 928 ; *Brown* v. *Crowl*,
5 Wend. 298 ; *Berthelon* v. *Betts*, 4 Hill, 577 ; *Spear* v.
*Wardell*, 1 Comst. 144 ; *Re Prime*, 1 Barb. 296 ; *Moak* v.
*De Forest*, 5 Hill, 605 ; *People* v. *Goodwin*, 50 Barb. 562 ;
*Williams* v. *Smith*, 14 C. B. [N. S.] 196 ; 108 Eng. C.
L 596 ; *Fisher* v. *Langbein*, 10 Abb. N. C. 128.) *In actions
for trespass* the decision of a competent court protects suitors
in the use of · process, and the subsequent reversal of the de-
cision *for error* does not remove the protection. (*Hallock* v.
*Downing*, 69 N. Y. 238 ; *Miller* v. *Adams*, 52 id. 409 ; *Lewis*
v. *Rose*, 6 Lans. 206 ; *Von Latham* v. *Libby*, 38 Barb. 339 ;
*Beatty* v. *Perkins*, 6 Wend. 382 ; *Reynolds* v. *Corp*, 3
Caines, 267 ; *Simpson* v. *Hornbeck*, 3 Lans. 53.) The three
elements of an action for malicious prosecution are : The ter-
mination of the prosecution in plaintiff's favor; malice ; ab-
sence of any reasonable or probable cause. All of these facts
must be affirmatively established by the plaintiff. (*Bump* v.
*Betts*, 19 Wend. 421 ; *Sailisbury* v. *Creswell*, 14 Hun, 460 ;
*Gorton* v. *DeAngelis*, 6 Wend. 418 ; *Burt* v. *Place*, 4 id. 591 ;
*Clark* v. *Cleveland*, 6 Hill, 344 ; *Bostwick* v. *Merrick*, 4

Daly, 68; *Wattson* v. *Thibou,* 17 Abb. 184; *McCullough* v. *Colby,* 4 Bosw. 603; *Porter* v. *Kingsbury,* 77 N. Y. 164; *Palmer* v. *Avery,* 41 id. 619; *Clark* v. *Cleveland,* 6 Hill, 344; *Traver* v. *Nicholls,* 7 Wend. 434; *Bennett* v. *Rathburn,* 17 Johns. 37; *Bennett* v. *Brown,* 20 N. Y. 99; *Musgrave* v. *Sherwood,* 76 id. 194; *Porter* v. *Kingsbury,* 77 id. 164; *Bulkeley* v. *Smith,* 2 Duer, 261; *Vanderbilt* v. *Mathis,* 5 id. 304; *Stewart* v. *Sonneborn,* 98 U. S. 187; *Wilson* v. *King,* 7 J. & S. 384; *Williams* v. *Taylor,* 6 Bing. 186; *Gorton* v. *DeAngelis,* 6 Wend. 418; *Swartwout* v. *Dickleman,* 12 Hun, 358; *Roberts* v. *Bayles,* 1 Sandf. 47; *Thaule* v. *Krekeler,* 81 N. Y. 428; *Scanlon* v. *Cowley,* 9 Abb. Pr. 94.) The third cause of action was properly dismissed. No action lies for a merely unsuccessful prosecution. (*Van Duzer* v. *Linderman,* 10 Johns. 106; *Stewart* v. *Sonneborn,* 98 U. S. 192; *Potter* v. *Richards,* 10 Wend. 607; *Hovenburg* v. *Case,* 4 Hill, 541.)

EARL, J.  The complaint alleges two causes of action, to-wit, one for malicious prosecution and another for false imprisonment. As they are both for personal injuries they could be continued in the same complaint. (Code, § 484.) They are consistent with each other, and the one is not destructive of the other, and it has been common practice to unite them. (*Doyle* v. *Russell,* 30 Barb. 300; *Barr* v. *Shaw,* 10 Hun, 580; *Dusenbury* v. *Keiley,* 85 N. Y. 383, 389; *Carl* v. *Ayers,* 53 id. 14; *Bradner* v. *Faulkner,* 93 id. 515.) But as the objection to the joinder was not taken in the answer or by demurrer, it was in any event waived. (Code, § 499.) The gist of the action was the procuring of an order of arrest by defendants under the Stillwell Act so called and the arrest of plaintiff thereon.

The warrant of arrest was dismissed and the plaintiff discharged from arrest by the order of the judge who granted the warrant, upon motion of plaintiff and on affidavits showing his previous arrest as hereinafter stated. These defendants appealed from such order to the General Term, and there it was affirmed, and then they appealed to this court. This action was commenced

while the appeal was pending in this court. The appeal was afterward dismissed on the ground that this court did not have jurisdiction to hear it. (81 N. Y. 466.) The claim is now made that the prosecution was not terminated so as to warrant an action for malicious prosecution. But within the meaning of the rule which requires that the prosecution should be at an end before an action for malicious prosecution can be instituted, this prosecution was ended. It was held that these defendants were not entitled to the warrant, and the plaintiff was absolutely discharged from arrest. The appeal did not change his status. It had been judicially declared that he had been improperly arrested, and that he was entitled to be discharged; and the order discharging him was final, and the warrant could not be revived. (*Dusenbury* v. *Keiley*, *supra*.) When a party has a final judgment in his favor upon a trial the prosecution is so far terminated that he may sue for malicious prosecution. If an appeal be taken from the judgment, that may furnish a reason for staying the trial of the action for malicious prosecution until the decision of the appeal. If the judgment should be affirmed, then it could not be held that the action was prematurely commenced; if it should be reversed, the action would then again be pending, and that fact would furnish a defense. A party commencing such an action, while an appeal from the decision in his favor is pending, simply takes the risk of an adverse decision upon the appeal and thus suffering defeat in the action.

We think, however, that the plaintiff was properly non-suited, as to the cause of action for malicious prosecution. The burden of showing want of probable cause for his arrest was upon him, and he gave no evidence whatever upon that subject. Not only this, upon his objection, evidence on the part of the defendants to show probable cause was excluded. He could not maintain that cause of action against the defendants in other respects having good ground for the warrant of arrest by simply showing that their attorneys were mistaken in a technical point of law on account of which the warrant was set aside.

The plaintiff was also properly nonsuited as to his cause of action for false imprisonment. The act (Chap. 300 of the Laws of 1831) under which the warrant was issued in November, 1878, was not repealed until May 10, 1880. (Chap. 245, Laws of 1880.) The facts stated in the affidavit upon which the warrant was issued were sufficient to give the judge who issued it jurisdiction; and in issuing it he acted judicially and made a judicial determination. The warrant was not, therefore, void or voidable or irregular. It was the result of the regular judicial action of a judicial officer having jurisdiction upon the facts presented to him to issue it. It was subsequently set aside by the judge who issued it, when a new fact, to-wit, that the plaintiff had been before arrested in an action against him by these defendants upon an order of arrest issued in the action for the same cause, and upon substantially the same grounds, was brought to his attention. The existence of this fact did not make the warrant void or irregular. When brought to his attention it furnished the judge a ground for the dismissal of the warrant in the exercise of further judicial action. It matters not whether the warrant was dismissed in the exercise of judicial discretion, or upon the claim by the plaintiff that he could not be twice arrested for the same cause, and hence that he had the absolute legal right to be discharged from the second arrest; it was at most a case where the plaintiff was erroneously arrested. An error was committed, which, upon a proper presentation of the facts, was to be corrected by further judicial action. A warrant, granted under such circumstances, protects against an action for false imprisonment, not only the judge who granted it, but the party who procured it and instigated its service. The case stands no different from what it would have been if the plaintiff had appeared and denied the facts alleged in the affidavit upon which the warrant was based, and had thus procured his discharge upon the merits, or if the defendants, when they applied for the warrant, had disclosed the fact of the prior arrest, and the judge had erroneously decided that they were yet entitled to it, and his decision had upon appeal been reversed; or if when the fact of the prior ar-

rest was afterward brought to his attention, he had refused to set aside the warrant, and his decision had upon appeal been reversed.   If a warrant of attachment or an order of arrest is issued in an action upon facts giving the judge jurisdiction and the defendant appears, and by showing new facts, or denying those alleged against him, procures the attachment or the order to be set aside, the process is not void or voidable, or irregular, but simply erroneous, and protects the judge and the party who procures it, although it is set aside, against an action for trespass or false imprisonment.   In all such cases these are regular judicial methods, and that which was legally done at the time cannot be converted into a wrong by relation after the process has by judicial action been set aside.   This rule of exemption is founded in public policy, and is applicable alike to civil and criminal remedies and proceedings, that parties may be induced freely to resort to the courts and judicial officers for the enforcement of their rights and the remedy of their grievances without the risk of undue punishment for their own ignorance of the law or for the errors of courts and judicial officers.   The remedy of the party unjustly arrested or imprisoned is by the recovery of costs which may be awarded to him, or the redress which some statute may give him, or by an action for malicious prosecution, in case the prosecution against him has been from unworthy motives and without probable cause.

Even malicious motives and the absence of probable cause do not give a party arrested an action for false imprisonment. They may aggravate his damage, but have nothing whatever to do with the cause of action.   Hence if in this case the defendants had intentionally withheld from the judge who granted the warrant the fact of the plaintiff's prior arrest, that fact would have been quite pertinent to maintain an action for malicious prosecution, but would not have laid the foundation for a recovery in an action for false imprisonment.

We have carefully examined many authorities, and have not found one which decides that in a case like this an action for false imprisonment can be maintained.   They all sustain the views above expressed. (*Williams* v. *Smith*, 14 C. B. [N. S.]

596; *Hayden* v. *Shed*, 11 Mass. 500; *Reynolds* v. *Corp*, 3 Caines, 268; *McGuinty* v. *Herrick*, 5 Wend. 240; *Chapman* v. *Dyett*, 11 id. 31; *Deyo* v. *Van Valkenburgh*, 5 Hill, 242; *Landt* v. *Hilts*, 19 Barb. 283; *Simpson* v. *Hornbeck*, 3 Lans. 53; *Miller* v. *Adams*, 7 id. 131; affirmed, 52 N. Y. 409; *Palmer* v. *Foley*, 71 id. 106; *Dusenbury* v. *Keiley*, 85 id. 383; *Day* v. *Bach*, 87 id. 56.) In *Williams* v. *Smith*, WILLIAMS, J., said : " The party causing process to be issued is not responsible for any thing that is done under it when the process is afterward set aside, not for irregularity, but for error." And BYLES, J., said : " There is a manifest distinction between setting aside process for irregularity and reversing a proceeding for error on appeal. In the one case a man acts irregularly and independently, without the sanction of any court. He, therefore, takes the consequences of his own unauthorized act. But when he relies upon the judgment of a competent court, however erroneous that judgment may be, the party acting upon the faith of it ought to be protected." In *Hayden* v. *Shed*, a case quite analogous to this, it was held, as stated in the head-note, that " case, and not trespass, is the proper action for one whose goods have been attached upon a writ which was afterward abated because another suit was pending for the same cause of action." In *McGuinty* v. *Herrick*, SAVAGE, Ch. J., said : " A person acting under regular process of a court having competent jurisdiction is not a trespasser, and, if he abuses that process, case lies, and not trespass." In *Landt* v. *Hilts*, where an application was made to a county judge, upon affidavit for an order to arrest a party, and hold him to bail under the Non-Imprisonment Act, for an alleged unlawful taking or conversion of property, the affidavit showing at least a colorable case for an arrest, and the judge granted the order, and the party was arrested upon it, it was held that the order was a protection to the plaintiff in the writ, the person making the affidavit and the attorney, although it was subsequently vacated on the ground that the affidavit did not set forth a sufficient cause for arresting the party. JOHNSON, J., writing the opinion, said : " The decision and the order protect the

party applying for it, and the attorney and all persons acting in obedience to the order, as well as the officer who makes it, in all cases where the officer nas jurisdiction of the subject-matter, and it becomes his duty to act judicially;" and that " the doctrine that the judicial officer is protected whenever he has jurisdiction, and enough is shown to call upon him for a decision, even though he err grossly, and even intentionally, has long been firmly established. Upon the same principle of public policy, parties, who in good faith institute the proceedings, and act under and in accordance with the judicial determination, should be protected from accountability as trespassers whenever the officer is entitled to protection." In *Simpson* v. *Hornbeck* the defendant had judgment against the plaintiff in an action for conversion of personal property before a justice of the peace, from which there was an appeal without security to stay proceedings, and after the appeal the defendant obtained an execution against the plaintiff's person, upon which he had him arrested and imprisoned ; and afterward the judgment was reversed, and it was held that an action for false imprisonment did not lie.

The learned judge writing tne opinion pointed out the distinction between irregular judgments and erroneous judgments, and held that the former, after reversal, furnish no protection to a party acting under them, while the latter, after reversal, do ; and he said: "The fact that in the one case the party is responsible for the irregularity, and in the other whatever of error there is in the judgment is the error of the court, seems to be the ground of the distinction between the two." In the case of *Adams* v. *Miller* an attachment for contempt had been issued against the plaintiff, at the instance of the defendant, for not appearing before a county judge in obedience to an order issued against him in proceedings supplementary to execution, and the plaintiff was thereby arrested, brought before the judge and held to bail. Subsequently the plaintiff made a motion that the supplemental order of the county judge be set aside, which was denied; and then upon the appeal to the General Term the order was reversed, and the at-

tachment must then have been vacated. The plaintiff then commenced an action for false imprisonment, and he was non-suited. It was held that as the county judge had jurisdiction he was protected, and that, therefore, the party who relied upon, and acted under, his process was also protected. In *Palmer* v. *Foley*, FOLGER, J., said: " When process sued out by a party is afterward set aside for error, the party is not liable in an action for damages. When it has been set aside for irregularity or bad faith, he may be." In *Day* v. *Bach* it appears that in an action brought by the defendants against S., plaintiff's assignor, and others, an attachment against the property of the defendants was granted upon affidavits making a *prima facie* case, and upon a full compliance with all the formal requirements, on the ground that defendants were about to assign, dispose of and secrete their property with intent to defraud their creditors ; that the attachment was levied upon property of S. ; that the defendants, in the attachment, there-upon moved on affidavits to vacate the writ ; that the motion was denied at the Special Term, but that the General Term, on appeal, reversed the order of the Special Term and granted the motion ; that, pending the appeal, most of the attached property was sold as perishable by order of the court ; that after the vacating of the attachment the proceeds of the sale were paid over by the sheriff to the assignee of S., to whom was also delivered the property unsold. And it was held that the taking of the property was not a conversion ; that the at-tachment, having been lawfully issued, was a complete justifi-cation, both to the officer and the party, and that it did not cease to be a protection after it was vacated for acts done under it. ANDREWS, J., after a careful consideration of the authori-ties, concluded that they served to establish three propositions : (1.) That a void writ or process furnishes no protection to a party, and he is liable to an action for what has been done under it at any time, and it is not necessary that it should be set aside before bringing the action. (2.) If the writ is ir-regular only, and not absolutely void, no action lies until it has been set aside ; but when set aside, it ceases to be a protection

for acts done under it while in force.   (3.) If the process was regularly issued in a case where the court had jurisdiction, the party may justify what has been done under it after it has been set aside for error, and an action for false imprisonment, in case of arrest, or of trespass for property taken under it, will not lie.   That case is a sufficient authority for the views we have expressed in this.   By irregularity in such case is generally meant some irregular action by the party or his attorney, such as the issuing of a *ca. sa.* before a *fi. fa.* has been issued and returned, and it cannot be predicated of a case where judicial power has been regularly, although erroneously or mistakenly, exercised.

We have, therefore, reached the conclusion, upon a careful consideration of the whole case, that no error was committed below, and that the judgment should be affirmed.

All concur.

Judgment affirmed.