# 𝔠𝔞𝔰𝔢𝔰

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## 𝔉𝔢𝔟𝔯𝔲𝔞𝔯𝔶, 1887.

---

IRA LEO BAMBERGER, Plaintiff, v. CHARLES KAHN AND OTHERS, Defendants.

*Undertaking to procure an order of arrest — the right to recover damages thereon is assignable.*

This action was brought by the plaintiff upon an undertaking given upon procuring an order for the arrest of one Hamburger, the complaint alleging an assignment by Hamburger of the undertaking, and of his claim to recover damages thereon, to the plaintiff. The costs proper had been paid before the assignment.

*Held*, that it was error to direct a dismissal of the complaint upon the ground that the cause of action was not assignable.

The undertaking given upon procuring the arrest does not cover damages for a personal wrong or injury.

Where an order of arrest has been granted by an officer having jurisdiction, the party obtaining it is not liable to an action for false imprisonment.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after an order had been made at the Kings County Circuit, directing that the complaint be dismissed.

The action was brought upon an undertaking given to procure an order of arrest against one Heineman Hamburger, who was alleged to have assigned the said undertaking and his claim thereon, to the plaintiff in this action.

The answer, in addition to certain denials, alleged as a counterclaim and set-off, a judgment recovered against Hamburger previous to the commencement of the action in which he was arrested.

The defendant moved for a dismissal of the complaint and for judgment on the pleadings upon three grounds, viz.: First. That there was no allegation that the defendant had failed to pay the costs and damages mentioned in the undertaking. Second. That the undertaking on which the action was brought, was not assignable. Third. That as there was no reply, the defendant was entitled to judgment in his favor upon the counter-claim.

The court, with reference to the first ground for dismissal, allowed the plaintiff to amend his complaint, by inserting an allegation of failure by the defendant Kahn, to pay the damages, it being conceded that the costs had been paid. The court then directed that the complaint be dismissed on the ground that the cause of action was not assignable, to which the plaintiff excepted, and on the plaintiff's application, the court allowed the exceptions to be heard in the first instance at the General Term.

*Edward C. James*, for the plaintiff.

*George S. Hamlin* and *James S. Lehmaier*, for the defendants.

BARNARD, P. J.:

It is now settled that an order of arrest which has been granted by an officer having jurisdiction, and upon such officer obtaining jurisdiction of the subject-matter, protects parties from an action for false imprisonment. And this is the fact when the order has been subsequently vacated. (*Marks· v. Townsend*, 97 N. Y., 590.) The undertaking to pay damages by reason of the arrest is not therefore to provide for a personal wrong or injury. It is a paper designed to cover taxable costs to be awarded in the action, and such other legitimate damages as flow from the arrest and are made necessary by it, such as counsel fees and expense in money to vacate the arrest and loss of time occasioned the arrested party in getting bail and in and about moving for his discharge. Such right of action is assignable under section 1910 of the Code of Civil Procedure. The assignment transferred the costs proper which have been paid. The extra expense and damage to the party were also transferred by it, and these have not been paid and are recoverable upon being proven in an action on the undertaking. The counter-claim set up by the defendants does not upon

the record destroy the plaintiffs action. It may be an off-set or counter-claim and may destroy the plaintiff's cause of action, but it is denied in the pleadings, and upon a new trial the plaintiff may prove under the pleadings that there is no such claim.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Exceptions sustained, and new trial granted, costs to abide event.