Davis, C. J.
The only question considered here is whether this action for malicious prosecution is barred by the statute of limitations. It is provided in the General Code, Section 11225, that an action for malicious prosecution shall be brought within one year after the cause of action accrued. The plaintiff in error contends that his right to sue the defendant in error did not accrue until the judgment of the court of common pleas was affirmed, that is, March 26, 1908; and that he was therefore *122 within the time limited by the statute for bringing his action. The contention of the defendant in error, and the holding of both of the courts below, is that the plaintiff’s right to sue, if he had any right at all, accrued when the court of common pleas rendered judgment in his favor on December 3, 1907, and that this action, being brought more than one year thereafter, is therefore barred by the statute.
The general rule is that until the original suit between the parties has been legally terminated in favor of the plaintiff in the malicious prosecution action, the latter has no remedy, because until that point is reached no presumption of malice and want of probable cause arises. That presumption arises eo instante when the court which has jurisdiction of the original action renders judgment for the defendant, the plaintiff in the malicious prosecution case. A proceeding in error could not affect the right of the defendant to bring his action for malicious prosecution; because if the judgment in his favor should be affirmed by the reviewing court, the presumption in his favor continues, and if the judgment should be finally reversed, that may be pleaded as a defense to the pending action for malicious prosecution. The pendency of a proceeding in error may be a good reason for a stay of proceedings in the action for malicious prosecution until the error proceeding is disposed of, but it would be no reason for dismissing the petition for damages on account of malicious prosecution. This is, in substance, the doctrine of the court of appeals of New York, expressed in *123 Marks v. Townsend et al., 97 N. Y., 590; and of the supreme court of Wisconsin, in Luby v. Bennett, 111 Wis., 613; of the supreme court of Tennessee, in Memphis Gayoso Gas Co. v. Williamson, 9 Heisk., 314; Sloan v. McCracken, 7 Lea, 627, and Swepson v. Davis, 109 Tenn., 99, 109; and of the supreme court of Rhode Island, in Foster v. Denison, 19 R. I., 351.
We may remark here that it is somewhat singular that counsel for the plaintiff in error should insist that Foster v. Denison, supra, settles, in favor of the plaintiff in error, the contention that the litigation in Franklin county was not fully terminated until the disposition of the case in the circuit court. The most significant part of the opinion in that case is the following paragraph: “We do not think that the present suit was prematurely brought. The action of ejectment complained of as malicious had resulted in a judgment in favor of the defendants in the Common Pleas Division, which was final. Though the defendant might, if reasons for a new trial existed, obtain a new trial by filing his petition under the statute within a year from the entry of the judgment, we do not think that this consideration would compel the plaintiffs to wait before bringing the suit until the expiration of a year from the entry of the judgment in the ejectment suit.” And again, speaking of the proceedings subsequent to the judgment in the common pleas division, the prosecution of a petition for a new trial in the appellate division, etc., it is said: “In all these acts the defendant was in the exercise of his legal *124 rights. Such exercise affords no basis for an inference of malice or want of probable cause, as grounds of action.”
There is another road leading to the same end; and it is quite as conclusive as the first. Not only was the suing out of a writ of error regarded in this state before the Code, and is yet in other states, as not a continuation of the suit to which it relates, but as the commencement of a new proceeding to review and set aside the judgment of the court below, Lessee of Taylor v. Boyd, 3 Ohio, 337; 2 Cyc., 510, but in the adoption of the code of civil procedure, writs of error and certiorari to reverse, vacate or modify judgments or final orders in civil cases were abolished; General Code, Section 12282; yet the distinction between the original action and the proceeding to reverse, vacate or modify was retained in the statute. The Code provides that: “The proceedings to obtain such reversal, vacation or modification shall be by petition in error,” and that “a summons shall issue and be served or publication made, as in the commencement of an action.” General Code, Section 12259. Of course the requirement to file a petition and that summons must be issued and served or publication made, as in the commencement of an action, would be unnecessary and discordant, if the error proceeding were merely a continuation and transplanting of the original action in the reviewing court. A palpable illustration of this view is ' found in Charles v. Fawley et al., 71 Ohio St., 50, 54, where the distinction is clearly drawn between a *125 proceeding in error and a statutory appeal, by which in certain cases the original case is brought up to the superior court for review de novo, upon the facts and the law, merely by giving notice to the adverse party and giving a bond, in the trial court.
Besides, the very definition of a judgment, as given in the Code, seems to be decisive of the contention here: “A judgment is the final determination of the rights of the parties in action.” General Code, Section 11582. It is one of the admitted facts in this case that a judgment was rendered in the original case in favor of the defendant, plaintiff in error here, upon the verdict of the jury in his favor.
We therefore hold that there was a legal termination in his favor of the action brought against the plaintiff, more than one year before the com- ■ mencement of this action, whereby the plaintiff’s cause of action became barred by the statute of limitations. The judgment of the circuit court affirming the judgment of the court of common pleas is

Affirmed.

Spear, Shauck, Joi-inson and O’Hara, JJ., concur. Donaiíue, J., having sat in the case in the circuit court, did not participate.