BAKER v. ANCIENT ORDER OF HIBERNIANS.

(Supreme Court, Appellate Division, First Department.   December 30, 1915.)

1. APPEAL AND ERROR ⬤⟱882—FINDINGS OF FACT—REVIEW.
   Where the facts found on the trial were so found at the request of defendant, he is precluded from having the sufficiency of the evidence to warrant such findings reviewed.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. ⬤⟱882.]

2. LANDLORD AND TENANT ⬤⟱129—LEASE—SUBSIDIARY AGREEMENT—ASSIGNMENT—VALIDITY.
   Defendant rented premises, agreeing to erect thereon a theater and give possession thereof by a certain date, with the further agreement to pay $75 per day as liquidated damages for any delay in giving such possession. Breach of the agreement for possession having occurred, and there being an action pending to foreclose a mechanic's lien on the theater, and an action by the lessee for the liquidated damages accruing from such failure to deliver, defendant and the lessee agreed that part of such damages were to be paid by the lessee's retention of a number of months' rent, the balance to be paid by defendant immediately upon a termination favorable to defendant of the contractor's suit, but if such suit terminated in favor of the contractor the lessee was to deduct $250 from the rent each month until the balance was fully discharged. Held, that such agreement was not assignable independently of the lease, and that an assignee could not recover thereon.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 450–457; Dec. Dig. ⬤⟱129.]

3. LANDLORD AND TENANT ⬤⟱129—LEASE—SUBSIDIARY AGREEMENT—CONSTRUCTION.
   Defendant having appealed from the contractor's judgment, no right of action could accrue for such installments of liquidated damages after March 1, 1915, until the final determination of the contractor's action, on

appeal, since such action could not be considered terminated while an appeal was pending therein which might result in a new trial.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 450–457; Dec. Dig. ☞129.]

McLaughlin and Scott, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Hyman D. Baker against the Ancient Order of Hibernians. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before INGRAHAM, P J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Cornelius J. Earley, of New York City (Peter J. Brancto, of New York City, on the brief), for appellant.

Joseph A. Seidman, of New York City, for respondent.

LAUGHLIN, J. [1] This action is brought to recover the sum of $6,500, together with interest thereon, and it is based on an agreement in writing, duly executed on the 19th day of August, 1913, between the defendant, as lessor, and the Fifth Avenue Amusement Company, as lessee. It is alleged that the lessee duly assigned the agreement to one Kobre on the 11th day of June, 1914, and that he duly assigned it to the plaintiff the next day; and as the facts were so found at the request of defendant, it is precluded from having the sufficiency of the evidence to warrant the findings reviewed, as it requests.

[2] On the 11th day of July, 1911, the defendant leased certain premises, of which it was the owner, to the Fifth Avenue Amusement Company, and agreed to erect thereon a theater, and in default of delivery of possession on or before September 1, 1912, to pay liquidated damages at the rate of $75 per day. The agreement on which the action is based recites that the defendant had become liable to the lessee for liquidated damages aggregating $13,500, that an action brought by the lessee to recover the same was pending, and that in another action, brought by one Gallagher against the lessor, which was also pending, the latter claimed, among other things, to be entitled to recover of Gallagher the amount of its liability to its said tenant. It does not appear by the agreement, but the evidence shows, that Gallagher was the contractor for the erection of the theater, and that his action was brought to foreclose a mechanic's lien. The next recital in the agreement is that the defendant has agreed "in any event" to pay the lessee the liquidated damages "in installments hereafter set forth." It is then agreed that the lessee may deduct the rent due and to grow due "until the 1st of September, 1913, as a part payment by the lessor to the lessee on account of" the liquidated damages. The lessor acknowledged the receipt of the rent thus applied, and agreed that, if the Gallagher action "shall terminate in favor of the lessor," it would immediately "upon the termination of said action" pay the balance—not stated, but conceded to be $6,500—in full in cash, with interest, and with respect to the payment of the balance in the event that said action "shall terminate" in favor of Gallagher and against the lessor the agreement provided as follows:

"Then and in that event the lessor shall pay the lessee the said balance, with interest at the rate of 6 per cent. per annum, in consecutive monthly installments of $250 per month, commencing with the first payment on the 1st day of March, 1915, and the lessor hereby specifically agrees the lessee or its assigns or successors, while then occupying the said premises under the agreement made and entered into between the lessor and lessee on the 19th day of August, 1913, may, at its option, unless said sum shall otherwise be paid by the lessor, lawfully and is hereby authorized by the lessor to deduct the said monthly payments, with interest as aforesaid, at the rate of $250 each and every consecutive month until the full balance shall have been duly paid and discharged; it being distinctly agreed and understood that if the lessor shall fail to pay any one of said installments, or part thereof, the entire unpaid balance of said $13,500, with interest, shall upon such default become due and payable immediately."

It was further agreed that the action brought by the lessee against the lessor should be discontinued, and it was discontinued in accordance with the agreement. This action was brought on the 24th day of April, 1915. The original complaint merely alleged the agreement and assignments and failure to pay $250 on the 1st of March, 1915, and that plaintiff elected that the entire balance of $6,500 should be due and payable; but amendments were allowed on the trial by which it was further alleged that defendant also failed to pay the installment of $250 on the 1st of April, 1915, and that prior to the commencement of the action Gallagher recovered a judgment in the action brought by him against defendant, and that *prior to the commencement of the action* neither plaintiff nor the lessee had deducted said two installments from the rent due to defendant under the lease. The evidence shows that a judgment was entered in favor of Gallagher March 30, 1915, from which defendant duly appealed on the 26th of April, 1915; that the lessor received from its lessee a check for the full amount of the rent for the month of March, 1915; that the lessor had prepared a check in favor of the lessee for the first installment of $250 and interest, but the lessee had submitted a computation showing a larger amount of interest, and the lessor thereupon drew another check for the installment and interest, but before it was sent it received notice from plaintiff, through his attorney, of the assignment, and demanding payment of the first installment. The lessor used the check for the full amount of the rent, and let the matter of determining who was entitled to the installment stand over until the next month, with a view to obtaining advice thereon in the meantime. It does not appear that any objection to that course was interposed. The next month the lessee sent a check for the balance of the rent for that month, after deducting the first two installments, aggregating $500, being the installments for March and April, together with interest thereon; but the lessor refused to accept it.

It is fairly to be inferred that this deduction was made for the benefit of the plaintiff, although not at his request, for it was shown that the lessee did not question plaintiff's right to the payment to be made by the lessor under the agreement. The lessee retained the lease and remained in possession. It merely assigned the agreement. The provisions of the agreement quoted plainly show that it was not contemplated that it might be assigned without an assignment of the

lease. It was not intended as an obligation on the part of defendant independent of the obligation of the lessee to pay rent. It seems to me quite plain that the lessee could not have continued in possession, and have refused or omitted to pay the monthly rental of $1,666.66, and have recovered an installment for the same month under this agreement. If the lessee could not, then its assignee cannot. It is, I think, a condition precedent to any right to recover on this agreement that the rent due for the same month shall have been paid. The agreement contains an express provision giving the tenant the right to deduct from the rent the amount due from the landlord. That, however, was to protect it against having to pay the rent in full and not receiving the payment due it from its landlord; but the landlord had the same right, for it clearly appears that the payments were to be made in installments on the days when the rent fell due, and it was contemplated that it should be deducted by the lessee, or paid by the lessor after it received the rent. The agreement shows that the lessor was not in funds. The lessee, evidently in consideration of its landlord's not interposing, or of its waiving, any defense, and admitting liability, agreed to extend the time for the payment of the liquidated damages, and to continue to pay rent *after* September 1, 1913, without any deduction *until the termination* of the Gallagher action; and the lessor, evidently in consideration of said agreement on the part of the lessee, obligated itself to pay this claim, regardless of whether it won or lost the Gallagher action. If it won, it is fairly to be inferred that it would have been in a position to raise money, and so it agreed to pay the whole amount at once in that event; but, if it lost, it was contemplated that it would have to settle with Gallagher without any deduction on account of this liability for liquidated damages, and that in that event it would need time, and so it was agreed, in effect, that from March 1, 1915, which it would seem was anticipated to be a date after the termination of the Gallagher action, that deductions should be made from the rent as it fell due.

[3] These views also tend to show, I think, that it was the *final* termination of the Gallagher action that was intended, notwithstanding the fact that defendant was apparently willing to have a deduction made on March 1st, before the termination of that action. The negotiations as to that, however, were not shown, and the fact is not to be given any great weight in determining the construction of the agreement. That action cannot be held to be *terminated,* in the sense in which the word "terminated" was here used, while there is an appeal pending which may result in a new trial. See 26 Cyc. 57, 58; Nebenzahl v. Townsend, 61 How. Prac. 353; Marks v. Townsend, 97 N. Y. 590; Hurgren v. Union Mutual Life Ins. Co., 141 Cal. 585, 75 Pac. 168. The final termination of the action was a condition precedent to the right to recover the first installment, notwithstanding the fact that, contrary to the expectations of the parties, it had not been finally terminated on or before the 1st day of March, 1915.

It follows that the judgment should be reversed, with costs, and any findings inconsistent with these views reversed, and appropriate

findings in accordance with these views made, and the complaint dismissed, with costs.

INGRAHAM, P. J., and DOWLING, J., concur. McLAUGHLIN and SCOTT, JJ., dissent.