HYMAN D. BAKER, Appellant, *v.* ANCIENT ORDER OF HIBERNIANS, Respondent.

**Contract — agreement of landlord to pay an agreed amount of damages for delay in completing leased building for occupancy on termination of a certain action against landlord — action by lessee to enforce such agreement — erroneous reversal of judgment for lessee without reversing findings of trial court.**

Where there was an agreement between a lessor and a lessee that the former would pay to the latter an agreed amount for damages for delay in having the leased building ready for occupancy upon the termination of an action then pending between a contractor and the lessor, and in an action thereafter brought by the lessee against the lessor to enforce payment of the amount fixed by this agreement, the trial court determined upon the evidence, as a question of fact, that the word "terminate" meant a decision and judgment in favor of the contractor in his action against the lessor, and this finding was not reversed and new findings by the Appellate Division having no evidence whatever to support them, the judgment of the Appellate Division reversing the judgment of the trial court, in favor of the lessee and against the lessor, must be reversed and the judgment for the lessor reinstated.

*Baker* v. *Ancient Order of Hibernians,* 170 App. Div. 844, reversed.

(Argued October 10, 1918; decided October 29, 1918.)

APPEAL from a judgment, entered January 31, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph A. Seidman* for appellant. The reversal of the judgment and dismissal of the complaint is not justified by the new " findings of fact " as made by three of the justices of the Appellate Division and the facts found by the trial court but not reversed by the order appealed from. (*Duclos* v. *Kelley,* 197 N. Y. 76; *Rives* v. *Bartlett,* 215 N. Y. 33; *Helgar's Corporation* v. *Warner's Features,* 222 N. Y. 449; *Empire Realty Corp.* v. *Sayre,* 107 App. Div. 415; *Wilkes* v. *Rogers,* 6 Johns. 566; *Stemmler* v. *Mayor, etc.,* 179 N. Y. 473; *Clason* v. *Baldwin,* 152 N. Y. 204; *Converse* v. *Sickles,* 169 App. Div. 49; 161 N. Y. 666; *Colburn's Appeal,* 74 Conn. 463; *Boston* v. *Mt. Washington,* 139 Mass. 15; *Hoag* v. *Mendenhall,* 19 Minn. 335; *Allen* v. *Pancoast,* 20 N. J. Law, 68; *Reis* v. *Levy,* 175 App. Div. 938.)

*Cornelius J. Earley* and *Joseph Walker Magrauth* for respondent. The finding of fact made by the Appellate Division justified the reversal of the judgment and the dismissal of the complaint. (4 Corpus Juris, 881–883; *Bennett* v. *Eastchester Gaslight Co.,* 54 App. Div. 74.)

CRANE, J. . The Fifth Avenue Amusement Company, a domestic corporation, was the lessee of the defendant, Ancient Order of Hibernians. The lessor was to erect a building for the lessee and have it ready for occupancy on September 1st, 1912. If the lessor should fail to deliver and have the building in question ready for occupancy at that time it was to pay $75.00 a day as liquidated damages for each and every day of its failure so to deliver. The Ancient Order of Hibernians did not construct the building within the time contemplated and on August 19th, 1913, owed its lessee as damages for its breach of contract $13,500. The owner had had

trouble with the contractor for the building, one named Gallagher, and was being sued by him in a mechanic's lien action in which it had counterclaimed for the damages which it owed its lessee, the amusement company.

On the date above mentioned the Fifth Avenue Amusement Company and the Ancient Order of Hibernians entered into an agreement regarding the time and manner of paying the $13,500 due. There was no question as to the amount nor any question as to the fact that it was due as damages to the lessee. The agreement covered the manner and time of payment. It recited the above facts, the amount of indebtedness, the action by Gallagher, allowed the deduction of $7,000 from the rent due to the 1st of September 1913, and provided that the balance, $6,500, should be paid as follows: " If the action now pending between the said Gallagher and the lessor shall terminate in favor of the said lessor, then and in that event, the lessor shall pay the said balance to the lessee immediately upon the termination of said action, in cash with interest at six per cent per annum; if the said action shall terminate in favor of the said Gallagher and against the said lessor, then and in that event the lessor shall pay to the lessee the said balance with interest at the rate of 6% per annum in consecutive monthly installments of Two hundred and Fifty ($250) dollars per month, commencing with the first payment on the 1st day of March 1915, and the lessor hereby specifically agrees that the lessee or its assigns or successors, while then occupying the said premises under the agreement made and entered into between the lessor and lessee on the 19th day of August 1913, may, at its option, unless said sum shall otherwise be paid by the lessor, lawfully and is hereby authorized by the lessor to deduct the said monthly payments with interest as aforesaid at the rate of Two hundred and Fifty ($250) dollars each and every consecutive month until the full balance shall

have been duly paid and discharged. It being distinctly agreed and understood that if the lessor shall fail to pay any one of said installments, or part thereof, the entire unpaid balance of said Thirteen thousand Five hundred ($13,500) dollars with interest shall upon such default become due and payable immediately."

The Gallagher action came on for trial in New York county and was decided in Gallagher's favor, and thereafter the Ancient Order of Hibernians appealed the case, and, it is stated, the appeal is now pending in this court.

On the 11th day of June 1914, the Fifth Avenue Amusement Company assigned all its rights and interests under the agreement of August 19th, 1913, known as " agreement to pay damages," to one Max Kobre, together with " all the monies that may arise or grow from the said agreement shall belong and remain the property of said Max Kobre   *   *   *   and hereby authorize and empower said Max Kobre to collect the proceeds under said agreement."

On the 12th day of June 1914, Max Kobre assigned the contract and all his interests therein to the plaintiff, Hyman D. Baker. These assignments are not and have not been attacked. The contract of August 19th, 1913, above referred to, was an agreement to pay money assignable by its nature, and whatever rights the Fifth Avenue Amusement Company had therein passed to the plaintiff, Hyman D. Baker. The option given in the contract to the amusement company to deduct $250 a month from its rent ceased to exist with the assignment; having assigned all the moneys to become due, the amusement company decided not to deduct the amount from the rent. According to the terms of the assignment it had received full consideration from the assignee for all the moneys to become due and thereafter the assignee became the payee of the Ancient Order of Hibernians under the agreement.

When March 1st 1915, arrived, the day mentioned in the agreement for commencing the first payment, the Ancient Order of Hibernians was about to send a check to the amusement company for $250, when it received notice from the plaintiff of the assignment and a demand for payment. On the 1st of April 1915, the [amusement company sent a check for two months' rent, March and April of 1915, less $500, the deduction which it claimed to make under the terms of the agreement. This check was retu.ned to it by the defendant. So far as the record discloses, nothing further appears to have been done and Baker's. demand for payment went unheeded. Thereupon Baker, pursuant to the terms of the agreement, demanded his $6,500 and commenced this action to recover it.

He was successful at Trial Term, but the Appellate Division has reversed his judgment and dismissed his complaint, making new and additional findings of fact and has also reversed some of those of the trial court.

Beside the general denials the only defense pleaded by the Ancient Order of Hibernians was that the amount was not yet due the plaintiff as the Gallagher action had not yet terminated, and this seems to have been the principal point for the reversal below. The Appellate Division concluded that the action was prematurely brought.

The terms of the agreement will be noted: " If the said action shall terminate in favor of the said Gallagher and against the said lessor, then and in that event the lessor shall pay to the lessee the said balance with interest at the rate of 6% per annum in consecutive monthly installments of Two hundred and Fifty ($250) dollars per month commencing with the first payment on the 1st day of March 1915." It would seem as if the parties anticipated the trial of the Gallagher action sometime between the 19th day of August 1913, and

the 1st day of March 1915, but desired that the installment payments, in case of a decision in Gallagher's favor, should not commence until the latter date. This is the meaning which the parties who made the contract gave to it, for when the time arrived the defendant was about to pay the first installment of $250 to the amusement company when it received notice of the assignment and thereafter the amusement company sought to force upon the defendant, in spite of the assignment, a deduction from the rent of $250, the installment due for March, and $250, the installment due for April 1915.

For some purposes an action is deemed terminated with the decision and entry of judgment in the first instance (*Marks* v. *Townsend*, 97 N. Y. 590), but however this may be, the fact which the trial court was called upon to determine was the meaning which the parties had given to the word " terminate " as used in the agreement. At least there was enough uncertainty and ambiguity in the language used as to make this meaning a question of fact. The trial court had before it the evidence of what the parties did in interpreting their own contract and arrived at the conclusion that " terminate " meant the decision and judgment in Gallagher's favor as entered after the trial of the action, the installments not commencing until the 1st day of March 1915.

By the 11th finding of fact, the trial court determined " Upon the termination of the said Gallagher's action against the said defendant in the latter's favor said sum of $6,500 was to be paid at once, otherwise if the said action should result in a *decision* against the defendant that then and in such event said sum of $6,500, with interest from August 19th, 1913, was to be paid in consecutive monthly installments of $250 per month commencing on the first day of March 1915, when the first installment was to be paid."

This finding of fact by the trial judge was not reversed

by the Appellate Division and is conclusive upon us. (*Beatty* v. *Guggenheim Exploration Co.*, 223 N. Y. 294.)

The Appellate Division reversed the 12th and 13th findings of fact only, which were to the effect that the defendant had failed and neglected to pay the installments due. About this there was no dispute. Its new finding was " that since the 1st day of March 1915, the Fifth Avenue Amusement Company has deducted from the rentals due from it to the said Ancient Order of Hibernians the sum of Two hundred and Fifty ($250) dollars per month to be applied for the benefit of the plaintiff under the terms of the agreement set forth in the plaintiff's complaint made between the said Fifth Avenue Amusement Company and the said Ancient Order of Hibernians and dated August 19th, 1913."

Not only is there no evidence to support such a finding of fact, but it is directly contrary to the stipulation entered into by the parties and offered in evidence as plaintiff's exhibit No. 4.

It, therefore, appearing that the trial justice upon evidence determined as a question of fact that the word " terminate," as used in the agreement of the parties, meant a decision in Gallagher's favor and this finding not having been reversed and the new findings made by the Appellate Division having no evidence whatever to sustain them, the judgment of the Appellate Division must be reversed and that of the trial court reinstated.

The judgment of the Appellate Division should be reversed and the judgment for the plaintiff reinstated, with costs to the appellant in this court and in the Appellate Division.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO and POUND, JJ., concur; COLLIN and ANDREWS, JJ., dissent.

Judgment reversed, etc.