Simpson *v.* Hornbeck.

WILLIAM SIMPSON *v.* GIDEON HORNBECK.

(GENERAL TERM, THIRD DEPARTMENT, JULY, 1870.)

A judgment protects the party for acts done under it, although subsequently reversed for error.

It is otherwise, it seems, if the judgment is set aside for irregularity.

The defendant had judgment in an action for conversion of personal property before a justice of the peace, from which there was an appeal without security to stay proceedings; after appeal taken the defendant obtained execution against the debtor's person, upon which he had him arrested and imprisoned, and the judgment was then reversed.—*Held*, that an action for false imprisonment did not lie.

3  53
90h 566.
Lansing.
3l  53
50ad188
3 L    53
37 Mis³782
3 L    53
82 AD⁴555

It seems, that where a judgment is irregular, the party is chargeable with the irregularity, but that the court only is responsible for error.

It seems that money paid upon a judgment afterward reversed for error, is recoverable because it is due *ex æquo et bono*, not for any supposed wrong in the collection of it.

THIS was a motion by the plaintiff for a new trial, upon exceptions ordered to be heard in the first instance at General Term. The facts appear in the opinion of the court.

*T. F. Bush*, for the plaintiff.

*H. R. & B. Low*, for the defendant.

Present—POTTER and PARKER, JJ.

By the Court—PARKER, J. The defendant obtained a judgment against the plaintiff in a Justice's Court for the conversion of personal property, on the 20th of April, 1867, for ninety-five dollars. From this judgment the defendant in that suit immediately appealed to the County Court, but, as. is to be inferred from the case gave no security to stay execution in the Justices' Court. After the appeal, and on the 26th day of April, 1867, the plaintiff in that suit applied to the justice and obtained an execution against the body of the defendant therein, who had no property liable to execution, and procured his arrest and imprisonment thereon for the space of one month. At the next term of the County Court, after the entry of the judgment by the justice, the judgment was in all things reversed, and judgment of reversal was duly entered in the County Court. After such judgment of reversal, the defendant in that suit brought this action for false imprisonment.

Upon the opening of the case at the circuit, the foregoing facts were stated, and the court, upon the motion of the defendant's counsel held that the facts stated, if proved, would constitute no cause of action ; that the judgment and execution, although subsequently reversed, was a defence to the

action; and thereupon ordered a verdict for the defendant, to each of which several rulings the plaintiff duly excepted.

A verdict being rendered for the defendant, judgment was suspended, and the exceptions were ordered to be heard in the first instance at the General Term. Although a void judgment, or one that is voidable for irregularity, will not, after being set aside, justify the acts of the party done under it, before it was set aside, this principle, I apprehend, has never been applied to a judgment merely erroneous, and reversed for error by a court of review. An irregular judgment is called *voidable*, and when set aside is treated as though void from the beginning; for the party himself is held chargeable with the irregularity, while a judgment pronounced by the court, although upon an erroneous view of the law, and subject therefore to be reversed by an appellate tribunal, is never treated as void, but valid for all purposes of protection to the party acting under it before reversal. The fact that in the one case the party is responsible for the irregularity, and in the other whatever of error there is in the judgment is the error of the court, seems to be the ground of the distinction between the two; and it is manifestly a just and proper distinction. While it may well be held, that a party is not justified by a judgment which is subsequently set aside for an irregularity in entering it up, which is his own act, it would seem unjust to hold that a judgment duly rendered by the court shall fail to protect a party acting under it before reversal, because reversed for error committed by the court.

The appellant's counsel urges the fact that money collected under an erroneous judgment, may be recovered back after reversal, as conflicting with the view above taken. But there is no conflict between the two propositions. The action to recover back the money is not founded on any supposed wrong in collecting it, but on the ground that in equity and good conscience it ought, after the reversal, to be paid back. Thus in *Langley* v. *Warner* (3 Coms., 327), where the plaintiff was seeking after reversal for judgment which one Walsh had obtained against him, and which had been paid to Warner,

the defendant, who was Walsh's attorney to collect it back of Warner, although he had before the reversal with Walsh's assent, applied it to his own debt against Walsh, the court held that the action could not be maintained, because Walsh had a perfect title to the money when it was collected, and having paid it to Warner, that title was not overreached by the reversal, and Warner could hold it. This is directly contrary to the defendant's theory of the case at bar, and sustains the view above taken.

The ground on which an action may be maintained to recover back money paid or collected on a judgment subsequently reversed, is stated by the court in *Clark* v. *Pinney* (6 Cow., 297), to be that the money after reversal, *ex æquo et bono*, belongs to the plaintiff; and in that case, Chief Justice SAVAGE, remarked that " trespass surely would not lie for collecting the amount of a judgment which was merely erroneous." In the case of *Prentice* v. *Harrison* (42 B. Rep., 852), the court assumed and impliedly held that a judgment or process, reversed or set aside for error on review, would protect the party acting under it before reversal; for it holds distinctly in an action for false imprisonment, when defendant justifies under a plea of judgment and *ca sa* against the plaintiff, and plaintiff replies that the *ca sa* was set aside by the court subsequently to the arrest, that a demurrer would lie to the replication, because it failed to negative the fact that it was set aside for error as distinguished from irregularity.

Neither of the counsel has referred the court to any case deciding the question presented, and I have not been able to find any case in our own courts precisely in point, and yet the distinction above adverted to, seems to be assumed and recognized in all the cases bearing on the question.

I have no doubt of the soundness of the distinction, and am of the opinion that the ruling of the court at the circuit was right, and that judgment should be rendered upon the verdict in favor of the defendant, and a new trial denied with costs.

MILLER, P. J., having heard the case below, did not sit on the appeal.

New trial denied.