By the Court.—Sedgwick, Ch. J.
The court issuing the attachment had jurisdiction for that purpose, and there was no irregularity in the proceeding. The *465 affidavits on which the attachment was made disclosed evidence of a competent kind, establishing, in the absence of explanation, one of the cases in which the statute provides for an order of attachment. Malice was not alleged against the defendants, or charged against them on the trial.
Chitty says, of actions of this kind, that “ case for the malicious motive and want of probable canse for the proceeding is the only sustainable form of action” (1 Chitty Pl. 186).
Reynolds v. Kennedy (1 Wils. 232), was an action for damages, in causing the defendant’s property, some barrels of brandy, to be seized under the revenue law. In the first instance, the plaintiff’s information was sustained and the property condemned, but this was reversed on appeal. The court held that the action for damages would not lie, there being no charge or proof of malice. It was said the “gist of this sort of action arises from some evil practice or malice in him who sues or prosecutes” (Pangburn v. Bull, 1 W. 346; also cases cited in note a, § 11, c. 16, 1 Hill's Torts).
In Beaty v. Perkins (6 Wend. 381), it was held that trespass would not lie against a party who has procured a search warrant to search for stolen goods, if the warrant be duly issued and regularly executed, and it was thought that case would lie if the party has no grounds for his proceedings, and is actuated by malicious motives.
In 1 Saunders (230, b), the law is broadly stated: “And the rule seems general that no action lies for damage or inconvenience sustained in consequence of process of law, unless it be alleged and proved that the party who occasioned it was actuated by malice.”
In Simpson v. Hornbeck (3 Lans. 53), the defendant had obtained a judgment for the conversion, by the plaintiff, of personal property, and the plaintiff was taken by an execution against his person, issued *466 on the judgment. The judgment was afterwards reversed, and the plaintiff brought the action for false imprisonment. Judge Pabkee, in giving the opinion of the general term, said, “ although a void judgment, or one that is voidable for irregularity, will not, after being set aside, justify the acts of the party, done under it, before it was set aside, this principle, I apprehend, has never been applied to a judgment .merely erroneous, and reversed for error by a court of :review.” He cites other cases.
In the cases cited by respondent’s counsel to maintain this action, Wehle v. Butler (61 N. Y. 245, affirming 35 Super. Ct. 1), Lyon v. Yates (52 Barb. 237), Kerr v. Mount (28 N. Y. 659); and in Smith v. Shaw (12 Johns. 257), Chapman v. Dyett (11 Wend. 31), the processes were either void or had been set aside for irregularity.
In substance, if a party were held liable for the cause here alleged, the liability would exist, although he was guilty of no omission or violation of duty to the law or to the individual. If there were damage, it would be damnum, absque injuria.
For these reasons, I am of the opinion that the defendant’s exceptions upon the trial, require a new trial.
Judgment and order appealed from reversed, and new trial ordered, with costs of appeal to appellant to abide event.
Russell, J., concurred.