J. H. BOBB, Appellant, v. DANIEL DILLON ET AL., Respondents.

St. Louis Court of Appeals, January 5, 1886.

COSTS — EXECUTION — VOLUNTARY PAYMENTS.—Costs voluntarily paid under an execution irregularly issued can not be recovered in an action against the plaintiff in the execution, although the order awarding the execution has been set aside and execution issued in another form.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Affirmed.*

T. J. ROWE, for the appellant.

C. P. & J. D. JOHNSON, and M. KINEALY, for the respondents.

LEWIS, P. J., delivered the opinion of the court.

The defendants, Dillon and Kinealy, were attorneys for defendant, Zelle, in a partition suit wherein Zelle was plaintiff, and John H. Bobb, the present plaintiff, and others, were defendants. In that case, there was a final

judgment allotting one-half of the lands to John H. Bobb in fee, with a remainder interest to him in one-tenth of the residue. It was further ordered "that the parties hereto pay the costs of this proceeding according to their respective rights and interest therein, as found by the decree," etc. The attorneys ordered an execution for the costs, and the clerk issued one against all the parties for the gross sum of $1,440.85, without any apportionment of the several amounts to be paid by the different parties, respectively. The execution in this form was, on February 3, 1883, levied on real and personal property of the present plaintiff. On February 7, the court, on application, directed an amendment of the execution, so as to make it run against John H. Bobb only, and for one-half of the aggregate costs. Bobb appealed from this order, and the court of appeals subsequently reversed it, holding that the execution should have been issued against all the parties to the partition suit, and should have contained an apportionment of the gross amount, showing what part of it each was to pay. *Zelle v. Bobb*, 14 Mo. App. 267.

On February 13, Bobb paid to the sheriff $752.42, in satisfaction of the execution as amended. He seeks in this proceeding to recover the money back, alleging that it was coerced from him by the trespasses of the defendants in levying a void execution upon his property, and threatening through the officer to sell and deprive him of the same, so that he was wrongfully compelled to pay the money in order to save his said property.

The plaintiff's whole claim rests upon an erroneous theory, having for its corner-stone an assumption that the execution levied on his property was absolutely void. Hence, there was no authority, or even color of authority in the officer, and he was a mere trespasser. Hence, also, the defendants, who aided and abetted his acts were co-trespassers. The plaintiff's payment of money was coerced by wrong and trespass against which he was defenceless, and, therefore, he ought to have it back from the wrong-doers. But the whole theory fails,

when it is considered that the execution was not void, but only erroneous and amendable. The distinction is important. If an execution in the hands of an officer is void, it is simply no execution at all. The officer might as well claim authority from a piece of blank paper, to seize and sell the property of a citizen. If he attempts either, he is a trespasser, as much as any stranger would be, without a writ. An execution which has no judgment back of it, one issued from a court which has been abolished, one against a dead defendant, one from a court not of competent jurisdiction—any one of these is worth just so much waste paper, and is just as capable of justifying a pretended official act. Such an execution can not be amended so as to attain validity. But an execution which emanates from a valid and enforceable judgment, and yet departs from it in certain particulars, as of amount, names of parties, date of description, etc., any of which errors can be corrected by amendment, is never held to be void. Although erroneous, it will, except, perhaps, in a few very rare cases, be of sufficient force to sustain the acts of the executive officer who proceeds in obedience to its commands. Titles may pass by sales actually made under it in due form, and in no such case will the officer be held liable as a trespasser. *Hunt v. Loucks*, 38 Cal. 372 ; *Simpson v. Hornbeck*, 3 Lans. 55 ; *Stewart v. Severance*, 43 Mo. 322 ; *Durham v. Heaton*, 28 Ill. 264 ; *State v. Platt*, 5 Har. (Del.) 429.

The execution in the case before us was founded on a valid judgment, which was sufficiently identified by its descriptive terms, was issued according to the established course of practice, and was found to be amendable by both the circuit court and the court of appeals. It was not void, and acts done by the proper officer, in accordance with its commands, can not be treated as trespasses. The plaintiff could not, in any case, recover back money paid by him because of such acts, unless he could clearly show that it was not due from him, and this he has not here attempted to do.

There is yet another consideration which would be fatal to the plaintiff's claim, even if the one just remarked upon were ineffectual in that way. The amended execution was not the same that was levied on the property. The changes made were equivalent to a quashing of the first execution, and the issuing of a second. The first writ might have been levied on the property of any of the named defendants, other than Bobb. Suppose it had been so levied. Can it be pretended that the levy could have been proceeded with to a sale under the amended execution? If so, there would have been on the face of the papers, a sale of property belonging to a person not named in the writ. It would appear from this test, that the execution, as first issued, was so far quashed as to set aside proceedings had under it. The levy went with it; and a new levy would have been necessary after the amendment in order to carry a title to property which might be sold. The plaintiff, then, was not coerced by a levy into making the payment. He made a voluntary payment of what was really due from him on the judgment, and no reason appears why he should have the money back.

Some other questions have been ably discussed by counsel on both sides, but there is no need to dwell upon them here, since what we have already said is decisive of the case.

The judgment is affirmed, with the concurrence of all the judges.