DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## June, 1887.

---

## EMANUEL BERGMAN, Respondent, v. SOLOMON B. NOBLE AND OTHERS, Appellants.

*Execution against the person of a judgment debtor — void unless an execution against his property has been issued — Code of Civil Procedure, secs. 1372 and 1489 — evidence.*

Upon the trial of this action, brought to recover damages for false imprisonment it appeared that on September 2, 1885, the appellants, as the attorneys for their co-defendants, entered a judgment in a Justice's Court in Queens county against the plaintiff, a resident of the county of New York, for $112.50 damages for injuries to personal property, which judgment was thereafter docketed in the office of the clerk of Queens county. An execution against the judgment debtor's property was thereafter issued to the sheriff of Queens county, which was returned unsatisfied, but the judgment was never docketed in the office of the clerk of New York county, nor was an execution against the property of the debtor ever issued to or returned from that county. On January 16, 1886, the appellants issued an execution against the person of the plaintiff to the sheriff of Queens county, under which he was arrested.

*Held,* that as the judgment, although originally recovered in a Justice's Court, had been filed and docketed in the office of the county clerk, it became a judgment of the County Court and should have been enforced accordingly.

That as no execution had been issued against the property of the debtor to the county in which he resided, as required by sections 1372 and 1489 of the Code of Civil Procedure, the execution issued against his person was void and afforded no justification to the parties issuing the same.

*Fischer* v. *Langbein* (103 N. Y., 84) followed; *Marks* v. *Townsend* (97 id., 590) distinguished.

Upon the trial the plaintiff was asked and allowed, against the defendants' objections, to state that before his arrest he did not know that any judgment had been recovered against him.

*Held*, that as this evidence tended to aggravate the damages, the court erred in excluding evidence offered by the defendants to show that the judgment had been obtained after a trial.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*George W. Stephens*, for the appellants.

*Theodore Connolly*, for the respondent.

VAN BRUNT, P. J.:

The principal question presented upon this appeal is was the execution under which the plaintiff was arrested a void or simply a voidable process. If the execution was void it afforded no protection to a party acting under it, and it was not necessary to set it aside before bringing action; but if the writ was irregular only, and not absolutely void, no action lies until it has been set aside; but when set aside it ceases to be a protection for acts done under it while in force. (*Day v. Bach*, 87 N. Y., 56.)

The facts out of which the above question arose seem to be about as follows: On September 2, 1885, the appellants, as the attorneys for their co-defendants, entered a judgment in a Justice's Court in Queens county against the plaintiff for $112.50 damages, for injuries to personal property. At that time, and ever thereafter, the judgment-debtor (plaintiff herein) was a resident of the county of New York. The judgment was docketed in the office of the clerk of Queens county, and an execution against the judgment debtor's *property* was thereupon issued to the sheriff of Queens county, which was returned unsatisfied. The judgment was never docketed in the office of the clerk of New York county. No execution against the property of the judgment debtor (plaintiff herein) has ever been issued to or returned from the county of New York. On January 16, 1886, the appellants issued an execution against the *person* of the plaintiff to the sheriff of Queens county, notwithstanding the fact that no execution against his *property* had ever

been issued to the county of New York, the county in which he resided and resides.

Under such execution, the plaintiff was arrested by the sheriff of Queens county on March 9, 1886. He was taken from his business in Ravenswood by a deputy, in whose company he was marched to Long Island City, where he was detained upwards of three hours, and then secured his liberty by depositing with the sheriff the sum of $130 as indemnity to the sheriff for permitting his escape. Thereupon plaintiff brought this action, which resulted in a verdict for $1,000 damages. The provisions of the Code regulating the issuance of executions against the person seem to be sections 1372 and 1489; which sections are as follows :

" Sec. 1372. An execution against the person must substantially require the sheriff to arrest the judgment debtor, and commit him to the jail of the county, until he pays the judgment, or is discharged according to law. Except where it may be issued, without the previous issuing and return of an execution against property, it must recite the issuing and return of such an execution specifying the county to which it was issued."

" Sec. 1489. Unless the judgment debtor is actually confined, without having been admitted to the liberties of the jail, by virtue of an excution against his person, issued in another action, or of an order of arrest or a surrender by his bail, in the same action, an execution against his person cannot be issued until an execution against his property has been returned wholly or partially unsatisfied. If he is a resident of the State, the execution against his property must have been issued to the county where he resides."

The provisions of section 1489 seem to be explicit as to the form of procedure which must be adopted before the extreme remedy of imprisonment can be resorted to. All the possibilities of collecting the judgment out of the property of the judgment debtor must be exhausted before resort can be had to this extreme action ; but in order that parties should in a proper case be in no danger because they have recourse to this extreme remedy, the Code has distinctly provided what shall be evidence of the fact that the remedy against the judgment debtor's property has been exhausted, viz., the issuance and return of an execution against the judgment debtor's property to the county where he resides. The provision in section

1372 as to the form of an execution, only serves to accentuate this view as it is provided that the execution against the person must recite the issuing and return of an execution against the property, specifying the county to which it was issued. We have, therefore, the explicit direction of the Code as to what is a condition precedent to the right to issue an execution against the person, and where such condition precedent does not exist, there is no jurisdiction to issue the process, and it is consequently void.

In the case of *Fischer* v. *Langbein* (103 N. Y., 84) the distinction between void and voidable process is considered, and the distinction is thus stated :

" Void process is such as the court has no power to award, or has not acquired jurisdiction to issue in the particular case, or which does not in some material respect comply in form with the legal requisities of such process, or which loses its vitality in consequence of non-compliance with a condition subsequent, obedience to which is rendered essential. Irregular process is such as a court has general jurisdiction to issue, but which is unauthorized in the particular case by reason of the existence or non-existence of some fact or circumstance rendering it improper in such a case. In all cases where a court has acquired jurisdiction in an action or proceeding, its order made or judgment rendered therein, is valid and enforceable and affords protection to all persons acting under it, although it may be afterwards set aside or reversed as erroneous. (*Simpson* v. *Hornbeck*, 3 Lans., 53.)

" Errors committed by a court upon· the hearing of an action or proceeding which it is authorized to hear, but not affecting any jurisdictional fact, do not invalidate its orders or authorize a party to treat them as void, but can be taken advantage of only by appeal or motion in the original action." * * *

" The rule to be deduced from these authorities seems to be .that when a court is called upon to adjudicate upon doubtful questions of law or determine as to inferences to be drawn from circumstances, reasonably susceptible of different interpretations or meanings, and calling for the exercise of the judicial functions in their determination, its decision thereon does not render an order or process based upon it, although afterward vacated or set aside as erroneous, void,

or subject the party procuring it to an action for damages thereby inflicted. Where the jurisdiction of the court is made to depend upon the existence of some fact of which there is an entire absence of proof, it has no authority to act in the premises, and if it, nevertheless, proceeds and entertains jurisdiction of the proceeding, all of its acts are void and afford no justification to the parties instituting them as against parties injuriously affected thereby. But if the facts presented to the court call upon it for the exercise of judgment and reason upon evidence which might in its consideration affect different minds differently, a judicial question is presented which, however decided, does not render either party or the court making it, liable for the consequence of its action."

Applying the above principles to the case at bar, jurisdiction to issue execution against the person depending upon the fact that a proper execution against the property shall have first been issued, and there being an entire absence of proof of this fact, the execution issued against the person was void, and afforded no justification to the parties issuing the same as against a party injuriously affected thereby.

It is true that in the case of *Marks* v. *Townsend* (97 N. Y., 590) Justice EARL, in his opinion, would seem to indicate that this omission was a mere irregularity before the Code; but under the stringent and well-defined rules regulating the issuance of process of this character, the omission complained of in the case at bar amounts to much more than an irregularity.

The claim that section 1489 of the Code above referred to has no application to the execution issued mentioned in the case at bar, because such section does not apply to a judgment recovered in a Justice's Court, might be well founded if the execution under which the plaintiff was arrested had been issued out of a Justice's Court; but that execution was issued out of the County Court upon a judgment of the County Court, and the rules applicable to the issuance of such execution must determine the validity of the process. We say that the execution was issued upon a judgment of the County Court, because, although the judgment was originally recovered in a Justice's Court by the filing of the transcript in the office of the clerk of the county, it became a judgment of the County Court and must be enforced accordingly. (Code Civil

Pro., § 3017.) If the judgment is to be deemed, because of the filing of the transcript, a judgment of the County Court and is to be enforced accordingly, it became subject to all the rules applicable to the enforcement of judgments in County Courts.

There, however, seems to be an error in the admission of evidence, which is fatal. The plaintiff was asked: "Before your arrest, did you know of this judgment against you?" This question was objected to, but the objection was overruled and the witness answered: "No, sir; I did not know there was a judgment against me." This evidence was offered, undoubtedly, to aggravate the damage alleged to have been suffered by the plaintiff because of his arrest. It certainly had that tendency. The inference which would naturally be drawn from that answer was that the plaintiff had received no notice whatever of the claim made, which resulted in the judgment, and that he had been arrested, having no reason to suspect that any proceedings were pending against him. To meet this evidence and to rebut the inferences necessarily arising therefrom, the defendants offered to show that the judgment had been obtained after a trial, which evidence was excluded and exceptions taken. This was error. Proof of this kind would have completely met much that necessarily suggested itself from the evidence of the plaintiff that he did not know that there was a judgment against him. In fact, it might, with force, be urged that this evidence would have directly contradicted the testimony of the plaintiff as to his ignorance of the existence of the judgment.

We think, especially in view of the magnitude of the verdict, that this evidence was not only calculated to, but did harm the defendants in exciting a prejudice which should and probably would not have existed, had the evidence that, although the judgment may have been actually entered without the plaintiff's knowledge, he knew of the suit and of the trial thereof been laid before the jury. For this error, we think that the judgment must be reversed and a new trial ordered, with costs to appellants to abide event.

DANIELS and BARTLETT, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants, to abide event.