W. M. RITTER LUMBER CO. v. BACON et al.

(Supreme Court, Appellate Term. March, 1902.)

PLEADING—ANSWER—TIME TO SERVE—EXTENSION OF TIME—ORDER—IRREGU-LARITY—VACATION—EFFECT.

Plaintiff obtained an order for a short summons, giving the undertaking required therefor. Defendant thereupon obtained an ex parte order for security for costs, and extending the time to answer till two days after security was given. Plaintiff then obtained an ex parte order vacating defendant's order as improperly granted. After such vacation, but before the order was served, defendant served his answer, which plaintiff refused to accept. Held, that the answer was served too late, the order for security for costs being unauthorized, and the extension of time being dependent on the requirement of security for costs, and the order afforded no protection to defendant, who was in default for such extension of time.

Appeal from city court of New York, general term.

Action by the W. M. Ritter Lumber Company against Alexander S. Bacon and others. From an order of the general term of the

city court of the city of New York (74 N. Y. Supp. 923) affirming an order denying a motion to compel acceptance of an answer, defendants appeal.   Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Nichols & Bacon (Morton Stein, of counsel), for appellants.

T. S. Rumsey, Jr., for respondent.

GIEGERICH, J.   In an action commenced by short summons (Code Civ. Proc. § 3165), the defendant Bacon obtained an ex parte order for security for costs with extension of time to answer until after security was furnished.   Thereafter the plaintiff moved ex parte to vacate this order, the motion was granted, but before the vacating order was served the said defendant served his answer, which plaintiff declined to accept.   A motion to compel acceptance was denied upon the ground that with the vacating of the earlier order the defendant was in default, and from the affirmance of that denial this appeal is taken.

Unquestionably the defendant was not entitled to the order for security for costs where an undertaking for the issuance of a short summons had been furnished (Code Civ. Proc. § 3160), the effect of this section being to render the statutory provisions for security for costs wholly inapplicable to the case, and the appellants admit that the order was inadvertently sought and was irregular.   Still it is contended that the order was effective until the vacating order was served, and that the answer was served within the period during which the extension of time granted was thus effective.   The order being irregular,—that is, being improperly granted through the mistake of the party as distinguished from error of the court (Simpson v. Hornbeck, 3 Lans. 53),—the vacatur related back, and when vacated the order afforded no protection for the party's earlier reliance upon it (Chapman v. Dyett, 11 Wend. 31, 25 Am. Dec. 598; Farnsworth v. Telegraph Co. [Sup.] 6 N. Y. Supp. 735).   The extension of time to answer was absolutely dependent upon the provision for security for costs, and but for that provision the defendant was in default.   Granting that the vacatur took effect only when the copy of the vacating order was served, the extension as originally granted fell, as the effect of the vacatur and the irregular order, once vacated, afforded no justification for the defendant's failure to serve his answer within the two days' time fixed by the statute.   The motion was properly denied upon the ground that the appellants were in default, and the order must therefore be affirmed, with costs.

Order affirmed, with costs.   All concur.