THE W. M. RITTER LUMBER Co., Respondent, *v.* ALEXANDER S. BACON et al., Appellants.

APPEAL from affirmance by the General Term of the City Court of the city of New York, of an order denying the defendant Bacon's motion to compel acceptance of the answer by the plaintiff, as having been served in time.

Nichols & Bacon (Morton Stein, of counsel), for appellants.

T. S. Rumsey, Jr., for respondent.

GIEGERICH, J.  In an action commenced by short summons (Code Civ. Pro., § 3165), the defendant Bacon obtained an *ex parte* order for security for costs with extension of time to answer until after security was furnished.  Thereafter the plaintiff moved *ex parte* to vacate this order, the motion was granted, but before the vacating order was served the said defendant served his answer, which plaintiff declined to accept.

A motion to compel acceptance was denied upon the ground that with the vacating of the earlier order the defendant was in default and from the affirmance of that denial this appeal is taken.

Unquestionably the defendant was not entitled to the order for security for costs where an undertaking for the issuance of a short summons had been furnished (Code Civ. Pro., § 3160), the effect of this section being to render the statutory provisions for security for costs wholly inapplicable to the case, and the appellants admit that the order was inadvertently sought and was irregular.

Still it is contended that the order was effective until the vacating order was served and that the answer was served within

the period during which the extension of time granted was thus effective.

The order being irregular — that is being improperly granted through the mistake of the party as distinguished from error of the court (Simpson v. Hornbeck, 3 Lans. 53) — the *vacatur* related back and when vacated, the order afforded no protection for the party's earlier reliance upon it. Chapman v. Dyett, 11 Wend. 31; Farnsworth v. Western Union Tel. Co., 25 N. Y. St. Repr. 393; 5 N. Y. Supp. 735.

The extension of time to answer was absolutely dependent upon the provision for security for costs, and but for that provision, the defendant was in default. Granting that the *vacatur* took effect only when the copy of the vacating order was served, the extension as originally granted, fell as the effect of the *vacatur* and the irregular order, once vacated, afforded no justification for the defendant's failure to serve his answer within the two days' time fixed by the statute.

The motion was properly denied upon the ground that the appellant was in default, and the order must therefore be affirmed, with costs.

FREEDMAN, P. J., and GREENBAUM, J., concur.

Order affirmed, with costs.