In re WHITE.

Appeal of LONG ISLAND LOAN & TRUST CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. GUARDIAN AND WARD—EMPLOYMENT OF ATTORNEY—PAYMENT—RESTITUTION.
On the ex parte petition of the guardian of the person of an infant such guardian was authorized to employ a certain attorney to perform services as to the infant's property, and the guardian of his property was ordered to pay him a specified sum as retainer. The guardian of the property moved to set aside such order, and appealed from the order denying its motion. The attorney was retained, received the fee, and performed the services. Thereafter the order was reversed, and the guardian of the property moved for an order requiring such attorney to return the amount so received by him. Held, that the motion was properly denied.

Appeal from Special Term, Kings County.

Application of Josiah J. White, as guardian of the person of Frederic Hall White, an infant, for funds. From an order denying a motion by the Long Island Loan & Trust Company as guardian of the property of such infant to compel Alfred R. Page to restore money which had been paid to him, such company appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

George S. Ingraham, for appellant.
Alfred R. Page, in pro. per.

HOOKER, J. Josiah J. White, the guardian of the person of Frederic Hall White, an infant, acting as attorney in person, on April 30, 1902, petitioned the court for an order directing the Long Island Loan & Trust Company, the guardian of the property of the said infant, to pay to Alfred R. Page the sum of $100 as compensation for the conduct of negotiations for the settlement of certain estates and properties in which the infant has an interest, and to counsel and advise upon other matters of the infant's concern. This application was made by White ex parte, and the guardian of the property had no notice thereof. The application was granted, and said White was authorized to employ Page, and the trust company ordered to pay the $100. Before payment was made, the guardian of the property moved to vacate the order directing the payment of the money to Page, and the motion was denied at Special Term. An appeal was taken, but

no stay procured, and before the decision of the appeal the money was paid over by the trust company to Page, pursuant to the terms of the original order.   This court reversed the order denying the motion to vacate, without prejudice, however, to a renewal of the application by the respondent upon proper papers and upon notice.   Matter of White, 75 App. Div. 619, 78 N. Y. Supp. 153.   Page has rendered the services mentioned in the original petition of Josiah J. White, and, although a demand has been made for a return of the $100, refuses to comply with the demand.   The proofs show that he has demanded that Josiah J. White renew the motion he originally made, but White declines to do so.   In this condition of the controversy the trust company moved for an order directing the repayment by Page of the sum of $100 paid to him pursuant to the original order.   The Special Term denied the motion, the learned justice saying: "I am referred to no authority for the motion, and know of none.   Motion denied, with $10 costs." The trust company appeals to this court.

It does not appear that Page had anything to do with the original proceeding until after the order was made directing payment of $100 to him as a retainer to perform services for Josiah J. White as guardian of the person of the infant.   We think the Special Term took the correct view of this case.   While it may be true that the guardian of the property was the proper person to conduct negotiations in behalf of the estate of the infant, it is undisputed that White, as guardian of the person, conceived that he had a duty to perform in connection with that estate which would require the services of an attorney, and upon that supposition he procured an order allowing him to retain an attorney and providing for the payment.   We do not think that the mere fact that the order required the payment of the money to Page, the attorney, is sufficient to distinguish the case from Langley v. Warner, 3 N. Y. 327; Butcher v. Henning, 90 Hun, 565, 35 N. Y. Supp. 1006; Simpson v. Hornbeck, 3 Lans. 53; Grauer v. Grauer (Com. Pl.) 20 N. Y. Supp. 854; Wright v. Nostrand, 53 N. Y. Super. Ct. 381.   These cases settle the rule that, where a judgment in plaintiff's favor has been recovered in an action, and money paid to the plaintiff's attorney, an action will not lie, upon reversal of a judgment, against the attorney to recover the money which he had retained, pursuant to an agreement between himself and client, in payment of a debt due him from his client.   The retainer of Page by White is sufficiently shown in the record to render the rule laid down in these cases applicable to this appeal.

The order should be affirmed, with $10 costs and disbursements. All concur.