## FRANCISCO MARQUEZ CUELLO, Plff.,

*v.*

## BERNARDO AGUILO · FUSTER AND JUAN ROSELL Y MAYMI, Dfts.

---

San Juan, Equity, No. 404.

1. A owned two tracts, one mortgaged to B and the other to C. He defaulted as to B, who began foreclosure proceedings. Thereupon C broke off negotiations for the purchase of the tract mortgaged to him and also foreclosed. B, in his foreclosure case, also attached the tract mortgaged to C, and, at the sales, bought in both tracts. His suit was afterwards, by the supreme court of Porto Rico, reversed and dismissed. He retained possession of both tracts and filed a second foreclosure suit. A filed an action on the law side against B, claiming damages for wrongful attachment in the first case; loss of profits on the proposed sale to C; attorneys' fees, etc. This case was dismissed and A filed a cross bill in the equity (foreclosure) suit, setting up the same grounds of damage. Held:

2. That he could not prove attorneys' fees as an element of damages.

3. That the profits A might have made on his proposed sale to C were too remote.

4. That the value of the possession by B, crops he took off the tracts; cost.

III. Porto Rico—13.

of correcting entries on the registrar's books, made in the first foreclosure suit, and the value of the loss of the crops of the second tract, are elements of damage which can be shown as payments on the mortgage.

5. That the costs and expenses incurred by A in the first foreclosure suit. cannot be recovered in the second.

6. Perez v. Fernandez (Supreme Court of the United States) [202 U. S. 80, 50 L. ed. 942, 26 Sup. Ct. Rep. 561] followed and damages for wrongful attachment held not to be recoverable in another suit.

Opinion filed October 15, 1907.

---

*Mr. T. D. Mott, Jr.,* solicitor for plaintiff.

*Mr. Willis Sweet,* solicitor for defendants.

RODEY, Judge, delivered the following opinion:

The issue before us at this time in this cause is that raised by the demurrer and exceptions to the answer and cross bill. The respondent Bernardo Aguilo Fuster, it seems, is the real party in interest, the other respondent, Juan Rosell y Maymi, being practically a nominal party only. A statement of the facts is necessary to an understanding of the situation.

In the year 1899, the respondent Bernardo Aguilo Fuster executed a mortgage on a tract of land near Yauco, in this island, in favor of the complainant, Francisco Marques Cuello, to secure the payment of $5,960, Porto Rican currency. Payment of this sum was to be made in instalments each year up to and including 1904. Fuster defaulted in these payments, and thereupon, in the early part of 1905, the complainant, Francisco Marques Cuello, brought proceedings in the local

Cuello v. Fuster.

insular courts to foreclose the mortgage or collect the debt, costs, and interest, and it also appears that in some manner he coupled therewith an attachment proceeding by which he took immediate possession of all of the property mentioned in his said mortgage, and, as it is alleged, also attached another plantation belonging to respondent which was not mentioned in the mortgage at all, but which was, at that time, mortgaged to another person, and which attachment, as it is alleged, caused such other person to immediately foreclose such other mortgage, and thus cause the property mentioned in it to be lost to the respondent. Respondent further claims that at the time these former proceedings were brought against him, he had a bargain pending to sell the other property for enough to pay both mortgages, but that said attachment caused a foreclosure of the other mortgage and prevented such sale, thus greatly damaging him. It transpired that the complainant wholly mistook his remedy in the insular courts in these other proceedings, and, after the matter was litigated through the local district court, and appealed to the supreme court of the island, the latter tribunal set aside the whole proceeding as null and void,—the complainant, of course, having had possession of this respondent's property ever since he took it under the attachment, as stated, and, having, pending the appeal from the local district court to the supreme court of the island, caused the premises described in the mortgage to be sold, bidding the same in at the sale himself, and causing the same to be registered in his own name. This action of the local supreme court of course rendered it necessary for the complainant to begin anew his efforts to foreclose his said mortgage, and to that end he filed the present suit. All his trouble, time, costs, and expense in and about said former foreclosure proceedings went, of course, for naught.

Cuello v. Fuster.

Immediately after the dismissal of the proceedings by the supreme court of the island, the respondent Bernardo Aguilo Fuster brought a suit in this court (No. 370, law docket) against the complainant, Francisco Marquez Cuello [2 Porto Rico Fed. Rep. 183], to recover damages in the amount of some $10,000 for this alleged wrongful proceeding and attachment. That suit was dismissed on demurrer, and, in the opinion rendered in the premises, which is on file, we took occasion to point out that, under the ruling of the Supreme Court of the United States in the case of Perez v. Fernandez, 202 U. S. 80, 50 L. ed. 942, 26 Sup. Ct. Rep. 561, such an action could not be maintained, but that all of the damages to which the plaintiff in that suit was properly and legally entitled, could, in our opinion, be set up as a defense to the present bill which was then pending. . In that opinion we also pointed out that cases are extremely rare where a plaintiff who files a suit for damages, with probable cause and without malice, is held liable to the defendant for the inconvenience he puts such defendant to or the damage he causes him by the suit; it being held in law that the failure of the proceedings and the consequent cost and expense to the plaintiff are sufficient punishment, and usually a sufficient deterrent against frivolous litigation. See Cooley, Torts, § 180; Drake, Attachm. §§114, 726; King v. Montgomery, 50 Cal. 115; Day v. Bach, 14 Jones & S. 460; Palmer v. Foley, 71 N. Y. 106; Stewart v. Sonneborn, 98 U. S. 187, 25 L. ed. 116.

After the dismissal of his suit at law, as aforesaid, and the expression of the views of the court as to the right of the respondent to set up all proper matters as a defense to this suit, which he could, if at all, recover in the former suit, he filed his answer and cross bill in the case at bar, and set out

Cuello v. Fuster.

every one of the grounds of recovery in the former suit as a defense here in this equity proceeding. This, of course, caused complainant to demur to the answer and except to portions of the cross bill, as he has done.

After due consideration, we believe the respondent, in and by his said answer and cross bill, has gone too far, and has attempted to set up as a defense to the action matter not properly provable as such.

The demurrer and exceptions are not in very concise form, and hence the court will not attempt to sustain and overrule the same seriatim, paragraph by paragraph, but will here state that the respondent will not be permitted to prove as an offset or damage against the claim of the complainant anything save what could and ought to be considered in law as a payment upon said mortgage; and we hold that the value of the possession, use, and enjoyment of the land and premises mentioned in the mortgage, the cost of correcting the registration in the recorder's office, and the value of the crops from said land, and loss to the cross complainant thereon by reason of the acts of the complainant, since the date the same was so wrongfully taken by the complainant, is a payment, or that which can be claimed as a payment, upon the mortgage itself, and that to this can be added the value of any other property of the respondent which the complainant actually or constructively took and appropriated, as alleged in the bill, in connection with said improper so-called foreclosure proceedings, such as the wooden structure and the use of half an acre of land, described in paragraph 9 of the cross bill, and the crop items, pasture value, etc., set up in paragraph 11 of the cross bill. For the reasons above set out, we do not, however, think that the attorneys' fees set out in paragraph

13 of the cross bill are provable as damage or as payment in this case.

We are clearly of the opinion that the matters set out in the cross bill about the damage alleged to have accrued to the respondent because of the attachment by complainant of a tract of land not mentioned in his mortgage, which caused the other mortgagee to at once foreclose, and thereby, as it is claimed, damage respondent, are not provable either as payment or an offset in the present suit, and we doubt if damage therefor could now be recovered in any court, under the circumstances, and under the ruling of the Supreme Court of the United States in Perez v. Fernandez, supra.

It appears from paragraph 3 of the cross bill that respondent, at the time of these former attachment proceedings against him, had this other piece of property of his mortgaged to one Lucas Solivella, and that, under a contract or understanding he then had with the said Solivella for the sale of said premises, he expected or was to realize enough money to pay off both mortgages; but that, because of said attachment proceedings, and an anti-transfer entry made thereunder in the registry, Solivella at once foreclosed, and thus said other property was lost to respondent. We fail to see how this alleged loss was a necessary consequence of complainant's act; but, in any event, it appears to us that the damage in that regard is too remote. We say this independent of the rule which appears to be laid down in Perez v. Fernandez, supra, that it must be recovered in the same suit, if at all, under the local law. See also Drake and other text writers and reports, supra.

We are also free to confess that it would, to our mind, be a harsh rule which would hold that, because a man attempts to collect a just and undisputed debt, evidenced by a formal mort-

Cuello v. Fuster.

gage in his favor, and simply mistakes his remedy, the person who caused it all should then be permitted to plead as damages the cost of defending such proceedings, which he, the debtor, could easily have avoided by payment of his debt in the first instance. Cooley, Torts, § 180; Drake, Attachm. § 114, supra.

It would look somewhat as though the one who defaulted was being permitted to take advantage of his own wrong. This cross complainant, in our opinion, always had a complete remedy against any damage in the premises by paying his debt. Having failed to do so, the other party ought not to be mulcted any more that is right and proper in the premises. The respondent and cross complainant, in his defense to the present suit, will therefore be confined within the limits here indicated, which, however, will be construed with reasonable liberality because of the peculiar circumstances. If necessary, at some future stage of the progress of the case, proper amendments will be permitted to correct the entries in the registry of property as may be necessary.

The demurrer and exceptions will therefore be sustained and overruled to the extent indicated in these views, and the pleadings will be considered as amended in accordance therewith, and it is so ordered.