## R. J. LEWIS, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

### St. Louis Court of Appeals, October 19, 1909.

1. **MASTER AND SERVANT: Personal Injuries: Pleading: Sufficiency of Petition.** In an action by a servant for personal injuries received while in the master's service, a petition which alleges that it was the usage to give warning by bell or whistle, before starting an engine, but that the engineer, without whistling or ringing the bell, suddenly started the engine backward at a rapid speed, while plaintiff was in the act of entering the same in the discharge of his duty, and thereby struck and injured him, and that said engineer was an incompetent, negligent and careless man, in the habit of violating the rules of the company and had not been exercising ordinary care in the operation of engines, as defendant knew or might have known, states a cause of action.

2. ————: ————: ————: **Joinder of Common Law Cause of Action With Action Under Fellow Servant Statute.** If facts essential to a recovery under Section 2873, Revised Statutes 1899, are alleged and proved, it is no matter that a charge contained in the petition of hiring or keeping careless hands remains unproved.

3. ————: ————: ————: **Sufficiency of Allegations of Petition.** In an action by a servant for personal injuries received while in the master's service, allegations in his petition of an usage to give signals before starting an engine, as a warning to employees who might be endangered by its movement, and that the engine which hurt plaintiff was started without giving a signal, in violation of the usage, and while plaintiff was in the act of boarding it, suffice to state a case.

4. ————: **Instructions: Refusal: Ignoring Theory of Petition.** Where the petition counts on two acts of negligence, instructions which proceed on the notion that it counts exclusively on one theory of negligence and which would deny plaintiff the right to have the jury pass on the other theory, are properly refused.

5. WITNESS: Instructions: Party Calling Witness Vouches for His Credibility, but not for Truth of His Statements. A party calling a witness may vouch for his credibility and be precluded from impeaching it, but he does not absolutely vouch for the truth of his testimony. No party is concluded by the statements of any one witness, but is entitled to have the jury weigh it in connection with all the evidence. Hence, an instruction which told the jury that when a party calls a witness he vouches for his credibility and the truth of his statements was properly refused.

6. TRIAL PRACTICE: Argument of Attorney: Comment on Evidence. Where a physician employed at defendant's railroad hospital, who had cared for plaintiff, was examined as plaintiff's witness, a statement made by plaintiff's attorney in argument that he would not reflect on the testimony of the physician, but would ask whether he was a willing and talkative witness and favorable to plaintiff, was a fair comment on the evidence.

7. MASTER AND SERVANT: Usages and Customs: Violation of, Furnish Cause of Action. A settled custom or usage not to move an engine without ringing the bell or blowing the whistle which had been followed with the sanction of defendant was in effect a rule which plaintiff, a servant in the employ of defendant, was entitled to have observed for his protection; and the violation of it was as much a tort as if it had been printed and published.

8. DAMAGES: Excessive Verdict: $1000 Not Excessive. Plaintiff's back and groin were injured, he had bruises on various parts of his body which made him sore and stiff, and which continued to the trial. He testified that his arm and shoulder still hurt him, that he had pains through the right chest to the top of the shoulder and collar bone, and that he suffered pains in his back and through the groin. He was in the hospital for over a month, and since the accident had not been able to sleep on his right side or do heavy work. His earning capacity had been diminished by half, and he had lost time from work. *Held,* that a verdict for $1000 was not excessive.

Appeal from Audrain Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

AFFIRMED.

*J. L. Minnis, Robertson & Robertson* for appellant.

(1) The allegations of the petition are insufficient to constitute a cause of action against the master for an injury caused by the negligence of a fellow servant. 26 Cyc., 1393, and authorities cited, note 79; Moss v. Railroad, 49 Mo. 167; Tucker v. Telephone Co., 132 Mo. App. 418; 1 Labatt on Master and Servant, sec. 179, p. 395; Railroad v. Hetzer, 135 Fed. 272. The petition fails to charge that the plaintiff was injured by reason of any negligence. Mack v. Railroad, 77 Mo. 232; Schmidt v. Kansas City, etc., Co., 90 Mo. 284. (2) The court erred in refusing defendant's peremptory instructions offered at the close of the evidence for the plaintiff and at the close of all the evidence. There was an utter failure on the part of the plaintiff to establish a case based upon the incompetence of a fellow servant. In fact, on cross-examination of defendant's witness, the plaintiff established competence on the part of the hostler. 26 Cyc. 1393, and authorities cited under note 79; Moss v. Railroad, 49 Mo. 167; Tucker v. Telephone Co., 136 Mo. App. 418. The plaintiff failed to prove the existence of a "rule, custom and practice," the failure to observe which would be negligence. 1 Labatt on Master and Servant, sec. 574; Rutledge v. Railroad, 110 Mo. 312; Able v. Presidents, 103 N. Y. 581; Ford v. Railroad, 124 N. Y. 493; Labatt on Master and Servant, sec. 213a; Francis v. Railroad, 110 Mo. 387; James v. Railroad, 46 Minn. 168; 29 Am. and Eng. Enc. Law, p. 411; 21 Am. and Eng. Enc. Law, 524. The plaintiff was guilty of contributory negligence and assumed the risk of injury. Cahill v. Railroad, 205 Mo. 393; Moore on Facts, secs. 149, 160; Kelsay v. Railroad, 129 Mo. 362; Hayden v. Railroad, 124 Mo. 566; Hook v. Railroad, 162 Mo. 581; Hausen v. Railroad, 43 Atl. Rep. 663. There was a complete failure of the proof to correspond with the allegations and for that reason, the court should have instructed a verdict for the defendant. Mark v.

Cooperage Co., 204 Mo. 242; Henry County v. Citizens' Bank, 208 Mo. 209; Haynor v. Excelsior Springs, etc., Co., 129 Mo. App. 691; Hensler v. Stix, 113 Mo. App. 162. (3) The verdict is excessive. (4) The court erred in giving plaintiff's instruction No. 1. In the first place, it is a complete abandonment of the cause of action stated in the petition. It simply ignores the question of the hostler's incompetence and the question of the defendant's knowledge of such alleged incompetence and does not submit them to the jury at all. Secondly, it submitted to the jury as to whether there was a rule without any proof of such rule. Thirdly, the use of the words, "practice and custom," without any explanation or definition of the same was calculated to and doubtless did mislead the jury. There is a difference between the meaning of the words "rule" and "custom" as used in the pleading and in the instruction. Custom means a habit or practice so universally practiced by the defendant's employees with its approval that it had thereby become the equivalent of a rule, but as here used, it could have been the custom of the employees without any adoption of it by the defendant, and the jury should have been told to distinguish between the custom of the employees and the custom of the defendant. (5) The court erred in refusing by defendant's refused instruction No. 1 to instruct the jury at the defendant's request, that the plaintiff, by putting a witness upon the stand, vouched for his credibility, and in allowing plaintiff's counsel to attack his own witness, Dr. Lighter, in the closing argument, to the jury. King v. Insurance Co., 101 Mo. App. 172; Roden v. Transit Co., 207 Mo. 392; Hamilton v. Crowe, 175 Mo. 634. (6) The court erred in refusing defendant's instruction No. 2. This was an action for the negligence of defendant in selecting or retaining an incompetent employee in its service. The competence of the employee was one of the issues and that the refusal to submit it to the jury was error, needs no citation of

authorities or argument to support it. If the servant was not incompetent, then the defendant could not be guilty of any negligence. (7) The court erred in refusing defendant's instruction No. 3. Moss v. Railroad, supra; Railroad v. Hetzer, supra. This instruction submitted the issue of defendant's negligence in selecting the hostler. Admitting that the hostler was incompetent concerning which there was a total failure of proof by plaintiff—still the defendant must have been guilty of negligence in selecting the hostler before it could be held liable.

*Shepard Barclay, T. T. Fauntleroy* and *P. H. Cullen* for respondent.

(1) Negligence, as that term is used with reference to pleading, simply means the conclusion which the law draws from a certain state of facts. The facts are the basis of the inference, and if these facts are fully stated in the petition the law recognizes the conclusion which follows. The term "negligently," like the term "fraudulently," means little or nothing in a petition. The petition in the case at bar states the facts constituting the negligence, and even if appellant's construction of the petition is correct, and if it did as a matter of fact fail to allege negligence in express terms, still the petition would be good, because it states facts: which under the law constitute negligence; and there is therefore no merit in appellant's contention that the petition fails to state facts sufficient to constitute a cause of action; and this is especially true when the petition is attacked for the first time on motion in' arrest. Dingle v. Pollock, 49 Mo. App. 484, is one of many cases illustrating what is said above. The defendant cannot be heard to complain because plaintiff made two assignments of negligence and failed to prove one of them. The assignment unproved does not affect the case at all; the only remaining inquiry is as to:

the other assignment. Robertson v. Railroad, 152 Mo.
382. While it is true that the petition charges negligence against defendant in failing to employ competent
men it also charges other acts of negligence sufficient
to create liability and proof of all acts of negligence
charged is not required. Stern v. Benseick, 161 Mo.
146; Gannon v. Gas Co., 145 Mo. 502; 6 Thomp., Neg.
(2 Ed.), sec. 74. The system of rules or methods adopted by the master for the conduct of his business forms
a part of the contract of hiring and are binding on
both master and servant. The violation thereof by the
master to the injury of the servant is culpable negligence. Railroad v. Burton, 79 S. W. (Ky.) 823; Railroad v. Heck, 17 A. & E. R. Cas. 389; 4 Thomp., Neg.
(2 Ed.), sec. 4165; Penn. Co. v. Whitcomb, 111 Ind.
212; Wharton, Neg., sec. 205, 233; Luebke v. Railroad,
63 Wis. 91; Sobieski v. Railroad, 41 Minn. 169;
Railroad v. Murphy, 50 Ohio 135; Railroad v. McElyea, 71 Tex. 389; 1 L. R. A. 411. When the master, as
is the case at bar, adopts a system of notification of
danger the servant has a right to rely upon such notification, and the master is guilty of negligence if he
omits the customary signal. Speed v. Railroad, 71 Mo.
303; Railroad v. Rhea (Tex.), 84 S. W. 428; Barker
v. Railroad (Ky.), 21 S. W. 340; Railroad v. Schultz,
19 Ohio 639; Ring v. Railroad, 112 Mo. 220; 1 Labatt,
Master & Servant, p. 452, sec. 209; Anderson v. Mill
Co., 42 Minn. 424; Anderson v. Railroad, 8 Utah 128;
Railroad v. Barker, 17 Ky. L. Rep. 424; Britton v.
Railroad, 47 Minn. 340; Railroad v. Holcomb, 9 Ind.
App. 211; Amato v. Northern Pac. Co., 46 Fed. 464;
Smith v. Air Line Co., 132 N. S. 824; Railroad v. Craft,
16 C. C. A. 834; 4 Thomp., Neg. (2 Ed.), secs. 4067, 4167.
The customary method of the defendant in the particular respect in question is always competent to explain
the acts of the parties and may be considered on the
issue of defendant's negligence and plaintiff's freedom
from contributory negligence. Stock Yards v. Godfrey,

198 Ill. 288; Bachant v. Railroad, 187 Mass. 392; Encyclopedia of Ev., p. 474. The custom, usage or practice shown in this case was proved by the testimony of persons acquainted with the facts, and in every instance it was shown that the person testifying actually had adequate knowledge of the usage as a fact, and he was therefore qualified to testify and state what that usage was. Conner v. Railroad, 146 Ind. 430; Shield v. Railroad, 87 Mo. App. 644; Lawson Usages and Customs, 101; 29 Am. and Eng. Ency. Law, 401.

This plaintiff was hurt while working as an employee of defendant in its yards at Moberly. In said yards were a turntable, a locomotive house and a brick archway about fifty feet in length, through which engines were run to and from the turntable. The space between the parts of the wall of the archway and a locomotive when one was on the track in it, was not wide enough for a man to pass. There were what the witnesses called brick "benches" jutting from the side of the wall and a person would be caught between them and the engine. Paul Plowman was a hostler in the yards and it was his duty to act as engineer in running locomotives back and forth through the archway. Sometimes a locomotive would stand for a while under the archway and the usage was to give warning by whistling or ringing the bell of an intention to start it before starting, so any one in the archway or working about the engine might take precautions to prevent himself from being-caught between the wall and the engine. Plaintiff's duty was to see that the oil cans on locomotives were kept full, and to do this it was necessary for him to climb on the engines. One evening, while a locomotive was standing under the arch, and Plowman, the hostler or engineer, was in the cab, plaintiff approached the engine for the purpose of attending to the oil cans. The evidence goes to prove Plowman was aware of plaintiff's movements and purpose, but just

as plaintiff put his foot on the step of the engine to board it, Plowman, without whistling or ringing the bell, opened the throttle and started the engine forward suddenly, catching plaintiff between it and the wall or "benches" projecting therefrom, and rolling him along between them until the engine emerged from the archway, when he fell to the ground, after having been carried thirty feet or more. He reported the accident to the foreman but remained in the yards two or three hours, when he felt so bad he had to go home, and the next day he entered defendant's hospital where he remained under treatment for more than a month. The physician in charge of the institution said that when plaintiff entered he was suffering from a severe contusion of the right thorax, was unable to move his right shoulder, was treated for these injuries while in the hospital and was discharged "in fairly good shape." Plaintiff's testimony was that he received other injuries, to-wit, to the back and in the groin, besides bruises about various portions of his body which made him sore and stiff and had continued to the date of the trial. He testified his arm and shoulder still hurt him, that he still had pains through the right chest to the top of the shoulder and collar bone, had suffered from pains in his back and through the groin while he was in the hospital and the third day he was there had coughed up blood; since the accident never had been able to sleep on his right side; could do no heavy work; his earning capacity had been diminished and he had lost time from work. For defendant, the testimony was that while the engine was moving plaintiff ran around the front of it and even with the cab, caught his overcoat on the air drum, which projected two or three inches beyond the cab, and then passed to the rear and out of the archway. The petition alleged it was the usage in the yard to give warning by bell or whistle before starting an engine, but Plowman was an incompetent, negligent and careless man, in the habit of violating the rules and regulations

of the company and had not been exercising ordinary care in the operation of engines, as defendant knew or might have known. No proof of this averment was introduced and the court instructed the jury it was unsustained by the evidence, which showed Plowman was competent to handle an engine. The petition alleged further that as plaintiff was in the act of entering the engine in the discharge of his duty, the engineer, without whistling or ringing the bell, suddenly started the engine backward at a rapid speed, thereby preventing plaintiff from getting aboard, striking him and throwing him against the wall and rolling him between the engine and wall for thirty feet; meanwhile striking, crushing and squeezing him with different parts of the engine. Plaintiff's injuries, suffering and losses are next averred and then that they were "distinctly caused and produced by the negligence of the defendant aforesaid."

A peremptory instruction for a verdict in defendant's favor was refused, and the cause was submitted to the jury under instructions, as to some of which errors are assigned. The instructions, given and refused, besides the request for an order for a verdict, were, in substance, as follows:

At the request of plaintiff, the court gave instruction No. 1, which was to the effect that if the jury believed at the time in question it was the plaintiff's duty to go on the engine in the yards and remove the oil cans therefrom and fill and replace them, and if the jury believed it was the "rule, practice and custom of the defendant not to start or move any engine in said yards without giving a signal by the ringing of the bell or the blowing of the whistle," and if the jury further believed the plaintiff in the discharge of his duties, attempted to mount this engine for the purpose of removing the oil cans therefrom and while he was in the act of doing so, the person in charge of it, suddenly, negligently

and carelessly started it backward without giving any signal, without ringing the bell or sounding the whistle, and as the result thereof, plaintiff was thrown against the brick wall and injured, they would find for the plaintiff. Plaintiff's second instruction was on the measure of damages, and told the jury if they found for the plaintiff, they would take into consideration his health and condition before the injury complained of as compared with his condition in consequence of the injury, the nature, extent and character of the injury, if any, his bodily pain and mental anguish, his loss of time, together with all of the facts and circumstances of the case, and would assess his damages at such a sum as would be a fair and just compensation. On behalf of defendant the court gave four instructions. The first told the jury the plaintiff, to recover, must establish, first, that the engine stopped in the archway, second, while it was stopped, plaintiff attempted to get upon it, and third, as plaintiff attempted to get upon it, the person in charge started it, without giving any signal and so violently that it threw plaintiff against the wall and injured him or that he was struck by the engine and injured. The second instruction was to the effect that if the plaintiff could, by the exercise of ordinary care, have discovered the engine was about to start or was starting and could have released his hold and thereby prevented the injury, the jury should find for defendant. This instruction also advised the jury as to the meaning of ordinary care. The third instructed the jury plaintiff must establish that the said Paul Plowman in charge of the engine was negligent and such negligence was the proximate cause of the injury, and there was no evidence Paul Plowman was incompetent and an improper man to handle an engine. Defendant's fourth instruction was to the effect that if the jury believed plaintiff attempted to pass between the engine and the wall and was injured thereby, he could not recover. The court refused three instructions offered

by defendant. The first was to the effect that when a party calls a witness, he vouches for the credibility of such witness and the truth of his statements. The second, that if the jury believed the hostler in charge of the engine in question was a competent workman for the work for which he was engaged at the time of his employment, and was a competent workman at the time of the accident, plaintiff could not recover. The third told the jury unless they found the principal or vice-principal of the defendant charged with the duty of hiring the hostler in charge of the engine in question at the time of the accident, failed to exercise ordinary care in selecting said hostler, although they might find said hostler was incompetent, they would return a verdict for defendant, and the burden was on the plaintiff to prove ordinary care was not used in the selection of the hostler. The jury returned a verdict for plaintiff in the sum of one thousand dollars, and in due time defendant filed a motion for new trial and a motion in arrest of judgment, which motions were overruled and defendant appealed.

GOODE, J. (after stating the facts).—1. Defendant's counsel objected to the reception of testimony, saying the petition stated no cause of action, and this was the only attack on that pleading prior to verdict, except by two irrelevant motions.

It is argued the petition counts only on common-law negligence in the retention of an incompetent servant; but if it does, it states a cause of action, and the objection was rightly overruled.

2. As the averment of retention of a careless engineer was not made good by proof, a nonsuit was claimed on the theory that the aid of the statutes was not invoked and there was a failure to prove the petition in its entire scope and meaning. Perhaps the pleader thought plaintiff was not engaged in operating work in the meaning of section 2873 of the statutes, which takes

away the fellow-servant defense when a railroad employee is injured, while thus engaged, by the negligence of another employee, and thought, too, plaintiff and the engineer would be fellow-servants within the definitions contained in sections 2874 and 2875 of the statutes, and so thinking, inserted an averment in the petition which would state a case at common law. In an action on the statutes, such an averment is not indispensable, but if made, does not prevent the petition from stating a case, and if other essential facts are alleged and proved, it is no matter that the charge of hiring or keeping careless hands remains unproved. The question then is whether this petition states a good case without the unproved allegation, one good in view of the statute which excludes the defense that plaintiff's injury was due to the carelessness of a fellow-servant. We have no doubt it does. It should be remarked just here that the question has not been raised whether plaintiff's status as an employee was such as to entitle him to maintain an action under the statute, the contention being he has pleaded no action of that kind. Allegations of an usage to give signals before starting an engine, as a warning to employees who might be endangered by its movement, and that the engine which hurt plaintiff was started without giving a signal, in violation of the usage, and while plaintiff was in the act of boarding it, sufficed to state a case.

3.    The instructions given and refused have been digested in the statement, and it is apparent from them the case was fairly submitted. If the evidence for plaintiff was true, his hurts were due to gross neglect on the part of the engineer, and plaintiff was not at all in fault; for at the time he was attending to his work in the usual way and had the right to expect the locomotive to stand still until he was warned by bell or whistle it was about to move. The second and third of the refused instructions proceeded on the notion that the petition counted exclusively on negligence in re-

taining the engineer when he was known, or might have been known, to be incompetent. But as we have seen, that was only one of the alleged acts of negligence and on which no recovery was permitted, and plaintiff was entitled to have the jury pass on the other allegation.

A party calling a witness may vouch for his credibility and be precluded from impeaching it, but he does not absolutely vouch for the truth of his testimony; and no party is concluded by the statements of any one witness in a case, but is entitled to have the jury weigh it in connection with all the evidence adduced. [Helling v. Order of Honor, 20 Mo. App. 309; King v. Insurance Co., 101 Mo. App. 163.] Hence the first of the three refused instructions was unsound. It related to the testimony of the surgeon of defendant's hospital who was put on the stand by plaintiff, and we overrule the assignment of error in refusing the request. Also overrule the exception to the remark of plaintiff's counsel in his address to the jury, wherein he said he would not reflect on the testimony of the physician, but would ask whether he was a willing and talkative witness and favorable to the plaintiff. That was a fair comment on the evidence.

An objection to the first instruction granted for plaintiff and, indeed, to his right to have the case submitted to the jury at all, is that he failed to prove any "rule, practice and custom" as alleged, to give warning of the starting of engines in the yards. The idea is that at most a usage or custom was proved, but no written and promulgated rule. All the evidence, including the testimony of the foreman of the yards, was that it had been customary to whistle or ring the bell before starting a locomotive into motion, but it was not proved the company had adopted a formal rule. The purpose of a rule, if prescribed, would have been to regulate the manner of moving engines for the safety of employees, and if a settled custom or usage had been followed with the sanction of the company, this was in effect a rule which

plaintiff was entitled to have observed for his protection, and the violation of it was as much a tort as if it had been printed and published. [Rutledge v. Railroad, 123 Mo. 121, 134; 1 Labatt, Master & Servant, sec. 213a.]

4.  We have examined some points made regarding the improper admission of evidence, but do not deem them well taken.

5.  Finally it is insisted the verdict was excessive. Study of the testimony regarding the sufferings of plaintiff, the length of time he was disabled, and the reduction of his earning capacity by half, has convinced us this position is untenable. The verdict was reasonable and the judgment will be affirmed. All concur.